2007 VT 133

# John Robert Hamilton v. Town of Holland, Town of Holland Selectboard, Holland Tree Warden, et al.

[950 A.2d 1183]

No. 06-234

Present: Reiber, C.J., Johnson, Skoglund and Burgess, JJ., and Cook, D.J. (Ret.), Specially Assigned

Opinion Filed December 21, 2007

Motion for Reargument Denied March 3, 2008

*Beth A. Danon* of *Blackwood & Danon, P.C.*, Burlington, for Plaintiff-Appellee/Cross-Appellant.

*Paul S. Gillies* and *Daniel Richardson* of *Tarrant, Marks & Gillies*, Montpelier, for Defendants-Appellants/Cross-Appellees.

¶ 1. **Skoglund, J.** This is the second appeal arising out of road work that the Town of Holland undertook on Lackey Road, a one mile long, Class 3, dirt road. Landowner John Robert Hamilton objected to the work itself and the manner in which it was authorized. In the first appeal, this Court reversed a grant of summary judgment in favor of the Town. At the subsequent trial in superior court, landowner received $1.00 in nominal damages and $15,000.00 in attorney's fees. The Town appeals the superior court's grant of attorney's fees. Landowner cross-appeals, contending that the superior court erred when it determined that the road work did not constitute an alteration within the meaning of 19 V.S.A. § 701(2). Landowner also appeals the nominal damage award, the court's refusal to award compensatory damages, and its decision to award only $15,000.00 in attorney's fees instead of the $32,987.50 requested. We affirm in part and reverse in part.

¶ 2. The record establishes the following undisputed facts. Landowner owned property on Lackey Road, in Holland.[1] In the early summer of 2001, the Town selectboard decided to widen a half-mile section of Lackey Road because the section was not wide enough to allow large vehicles — such as a truck, snowplow or school bus — to pass each other safely. The Town engaged the assistance of the State District/Regional Highway Commission in selecting and marking the trees that needed to be removed for the road project.

¶ 3. As originally conceptualized, the road-widening project required removal of many trees as well as ledge, which would have required blasting, digging drainage ditches, and installing culverts. At the Town's August 6, 2001 selectboard meeting, landowner voiced objections to the tree-cutting proposal. Notwithstanding his concerns, the selectboard voted to go ahead with the project. Following this meeting, another evaluation of the road was made, the project was scaled back, and the number of trees to be cut was reduced.

¶ 4. After the August meeting, landowner filed a complaint for declaratory and injunctive relief in Orleans Superior Court seek-

---

[1] After the first appeal, landowner sold his property in Holland and moved.

ing to prevent the Town from cutting down the trees. The parties' dispute centered primarily on a disagreement about what, if any, procedures the Town must employ before widening Lackey Road and cutting down trees in furtherance of the road-widening project. Landowner argued that the Town must follow the procedures for altering a public highway set forth in Title 19, including performing a survey of the road, before proceeding with the widening project. See 19 V.S.A. §§ 701-714 (setting forth procedures for altering a public highway). The Town argued that it had authority under 19 V.S.A. § 304(a)(1) to maintain Lackey Road, and that widening the road is part of the Town's maintenance responsibility. The Town also argued that the Town's tree warden was not required to hold a hearing before removing the trees under 24 V.S.A. § 2509, because they were a hazard to the public. See 24 V.S.A. § 2509 (tree warden may cut down a public shade tree without holding a public hearing if the tree "is infested with or infected by a recognized tree pest, or when it constitutes a hazard to public safety"). The Town moved for summary judgment which was granted by the superior court. This generated landowner's first appeal. See *Hamilton v. Town of Holland*, No. 2002-222 (Vt. Mar. 27, 2003) (unreported mem.).

¶ 5. In that first appeal, we held that the record did not support the court's grant of summary judgment in favor of defendant's claim that Title 19 did not apply. The court had grounded its decision in part on the fact that the trees to be cut were all located within the right-of-way for Lackey Road, and that all of the work would take place within that right-of-way. However, the location of the right-of-way and the trees to be cut was sufficiently at issue, and therefore we reversed summary judgment. *Id.*

¶ 6. We also addressed landowner's claim that the statutes governing shade trees applied to the project. The Legislature has placed all "[s]hade and ornamental trees within the limits of public ways and places" under the control of the tree warden, 24 V.S.A. § 2502, and, under 24 V.S.A. § 2508, a public shade tree may not be cut down except by the tree warden or his or her designee. A public shade tree within residential parts of a municipality may not be cut down without a public hearing unless the tree is infested by pests or is a hazard to public safety. *Id.* § 2509. The Town argued that the trees had to be removed to eliminate a public safety hazard, namely the narrow width of Lackey Road. We agreed with landowner that § 2509 does not grant the tree

warden authority to cut public shade trees under the public hazard exception if the trees themselves do not present the public safety hazard. We concluded that "the trees themselves [were] not a public safety hazard as contemplated by § 2509, and [that] the Town's tree warden had no authority to remove them without a public hearing." We ruled that the trial court's contrary decision was erroneous, and reversed and remanded for further proceedings.

¶ 7. After remand, landowner amended his complaint. He added a 42 U.S.C. § 1983 claim for deprivation of his constitutional right to due process based on the failure of the tree warden to hold a hearing prior to removing the trees in question, a claim of trespass, and a claim of conversion of trees pursuant to 13 V.S.A. § 3606. He sought compensatory and punitive damages on all counts and made a claim for treble damages under § 3606. A one-day bench trial was held.

¶ 8. At trial, the superior court concluded that the road project was "more extensive than routine maintenance," but that it did not constitute "a major alteration to the road as that term is defined in [19 V.S.A.] § 701." Therefore, the court held, the project did not trigger the requirements of 19 V.S.A. § 704. The court concluded that the tree warden's failure to hold a hearing on the proposed cuttings violated 24 V.S.A. § 2509, as indeed it was required to in light of our earlier ruling. However, the court found that landowner had shown no injury from the violation of due process and, therefore, was not entitled to compensatory damages. Instead, the court awarded nominal damages in the amount of $1.00 for his 42 U.S.C. § 1983 claim. Because of these nominal damages, the court judged landowner to be the prevailing party under 42 U.S.C. § 1988 and thus eligible for attorney's fees. Ultimately, the court awarded landowner $15,000.00 for his attorney's fees. The Town appealed, and landowner cross-appealed.

¶ 9. This Court reviews a trial court's findings of fact for clear error. *Quenneville v. Buttolph*, 2003 VT 82, ¶ 11, 175 Vt. 444, 833 A.2d 1263. The trial court's "[f]indings of fact must stand unless, viewing the record in the light most favorable to the prevailing party and excluding the effect of modifying evidence, there is no credible evidence to support the findings." *Id.* (quotations omitted). Our review of the trial court's conclusions of law, however, is nondeferential and plenary. *MacDonough-Webster Lodge No. 26 v. Wells*, 2003 VT 70, ¶ 17, 175 Vt. 382, 834 A.2d 25.

¶ 10. We turn first to the trial court's conclusion that the project, as proposed by the Town, did not constitute an alteration within the meaning of 19 V.S.A. § 701(2). According to the statute, " '[a]ltered' means a major physical change in the highway such as a change in width from a single lane to two lanes." *Id.* If the change constituted an alteration, then the Town was required to comply with 19 V.S.A. § 704, which reads:

> When selectmen accept, lay out, or alter a highway, as provided in this chapter, they shall cause a survey to be made in accordance with the provisions of section 33 of this title and shall mark each termination of the survey by a permanent monument or boundary or refer the termination or survey by course and distance, to some neighboring permanent monument. The survey shall describe the highway and the right-of-way by courses, distances and width, and shall describe the monuments and boundaries.

¶ 11. Landowner urges us to look at the Town's proposed project as it was originally planned in evaluating the trial court's findings and conclusions on this issue. The original plan called for significant earth moving and ledge blasting at certain points along the road. After landowner expressed his concerns at the selectboard meetings, the project was scaled back significantly. The revised project involved cutting fifteen trees in front of landowner's property, a total of thirty to thirty-nine trees along the entire length of the road, and regrading and adding gravel. The Town contends that we must examine the project as it was eventually carried out.

¶ 12. In this case, the Town could have taken two paths in response to landowner's suit. First, it could have conducted a survey even though it did not believe one was necessary. This would have taken time, and would have cost the taxpayers of Holland money. Second, the Town could have chosen, as it did, to scale back the project so that it could no longer be considered an alteration. Landowner's disappointment with the course the Town chose does not give us license to examine a road project that was never actually carried out. Therefore, we examine the Town's

project as it actually manifested, because only in that form is it a tangible, quantifiable project which we can evaluate.[2]

¶ 13. Thus, we must determine whether the project as completed constituted an alteration within the meaning of 19 V.S.A. § 701(2). As explained, this requires us to decide whether the Town's completed project was "a major physical change in the highway such as a change in width from a single lane to two lanes." 19 V.S.A. § 701(2). The project did not widen Lackey Road from one lane to two. Rather, all of the work was done within the existing three-rod right-of-way. *Id.* § 702.

¶ 14. However, this does not conclude our inquiry; under the statute, a change analogous to widening a road from one lane to two also constitutes an alteration. See *id.* § 701(2) (stating that an alteration "means a major or physical change . . . *such as* a change in width from a single lane to two lanes" (emphasis added)). Neither party cites any case law, nor have we found any Vermont case law, that assists us in deciding what changes are analogous to the example provided in the statute. However, the Town does make an argument based on other statutory provisions. The Town contends that all the work done on Lackey Road qualified as maintenance within the reach of 19 V.S.A. §§ 901-995, and therefore does not constitute the kind of major changes the Legislature sought to include as alterations under § 701(2). In particular, the Town points to 19 V.S.A. § 904, which provides:

> The selectmen of a town, if necessary, shall cause to be cut and burned, or removed from within the limits of the highways under their care, trees and bushes which obstruct the view of the highway ahead or that cause damage to the highway or that are objectionable from a material or scenic standpoint.

The Town also refers to 19 V.S.A. § 950, which provides that the selectboard "may lay out, establish, construct, or cause to be constructed . . . a drain, ditch, or watercourse leading from a highway in the town, across the lands of any person to a

---

[2] Landowner's concern is that any town, faced with a lawsuit, may simply scale back its plans or complete them one piece at a time to avoid the requirements of 19 V.S.A. § 704. While we recognize that such behavior may be seen as an attempt to avoid the requirements set forth in the statutes, we cannot find anything in the statute that forbids it. Further, the practical results of such behavior by a town would seem to be remote and pointless.

watercourse, to carry away the surface water from the highway." Finally, the Town cites 19 V.S.A. § 952, which requires the Town to "properly maintain the drain, ditch or watercourse, and keep it in good and sufficient repair until, upon notice and hearing, it is discontinued."

¶ 15. We agree with the Town that all the work it performed in this case qualifies as maintenance under §§ 904, 950, and 952, and therefore does not constitute alteration within the meaning of § 701(2). The superior court found that "[i]n addition to the tree cutting along a half mile section of Lackey Road, the town [made] some improvements to the ditching, brought in 164 dump truck loads of gravel, and widen[ed] a portion of the road, all at a total cost to the town of $9,413.00." The superior court further found that "[n]o blasting occurred and no culverts were installed, both of which were contemplated in the original project." These changes do not add up to an alteration as defined by § 701(2). As such, the Town did not need to perform the survey requirements found in § 704.

¶ 16. We turn now to landowner's claim that the court erred in not awarding him compensatory damages in the amount it cost him to replace the trees the Town cut down on his property. The superior court found that "[b]eginning in November 2000, [landowner] planted a number of trees on his property where previously there had been no trees," that "[a]dditional trees were planted in June 2001, prior to the first meeting with the select board," and that "final planting was completed in September 2001." The superior court also found that "[a]ll planting took place in an area different from where the town proposed to cut trees and was completed before any cutting by the town." Finally, the superior court found that the cost of the new planting was $2,174.00, but that landowner "testified that the planting was unrelated to the town's activities." Citing *Pion v. Bean*, the superior court reasoned that although replacement costs may be a proper award in certain cases, such an award requires that new plantings actually replace the cut trees. 2003 VT 79, ¶ 30, 176 Vt. 1, 833 A.2d 1248. In this case, landowner planted the claimed replacement trees before the Town had removed a single tree on Lackey Road, and he placed all of the replacement trees outside the Town's right-of-way. Landowner contends that he had to plant the trees outside the Town's right-of-way so that the Town would

not cut them down again. This argument does not move landowner any closer to justifying his request for replacement costs. The superior court found that landowner's plantings were not related to the road work. The record supports the court's findings on this point, and thus its conclusion that landowner had not proved entitlement to compensatory damages is sustainable.

■ ¶ 17. Because landowner did prove a deprivation of due process and a violation of his property rights in the removal of trees located in the Town's adjacent right-of-way, the superior court awarded him nominal damages of $1.00. Because the Town cut down the trees without holding a tree-warden hearing, landowner's due-process rights were violated regardless of his inability to prove loss or damage. *Carey v. Piphus*, 435 U.S. 247, 266-67 (1978). We find no error in the court's award of nominal damages.

¶ 18. Finally, we turn to the award of attorney's fees. The superior court concluded that by failing to hold a tree-warden hearing, the Town had violated landowner's due-process rights and that the nominal damages award compensated him for that violation. Accordingly, the court reasoned that landowner was the prevailing party in this case under *Farrar v. Hobby*, 506 U.S. 103, 112-13 (1992), and that as such, he was entitled to seek attorney's fees under 42 U.S.C. § 1988. Section 1988 states, "the court in its discretion, may allow the prevailing party [in a § 1983 action] a reasonable attorney's fee." 42 U.S.C. § 1988(b). We now conclude that the superior court erred in awarding attorney's fees to landowner.

■ ¶ 19. This appeal comes to us in an unusual posture because of our prior decision in this case. Landowner's due-process right in this case — the right to a tree-warden hearing before public shade trees are cut — was confirmed when we issued our first decision. We found then that the trees themselves were not a public safety hazard as contemplated by 24 V.S.A. § 2509, and that the Town's tree warden had no authority to remove them without a public hearing. Landowner's due-process rights had already been vindicated by the time landowner hired his present attorney.[3] *Hamilton v. Town of Holland*, No. 2002-222 (Vt. Mar. 27, 2003) (unreported mem.). Therefore, his present attorney's job was not

---

[3] After the first appeal and before trial, landowner's first attorney closed his practice, and landowner hired his present attorneys. Landowner did not petition for attorney's fees paid to his first attorney because of an error in record-keeping.

to prove that landowner had suffered a violation of a due-process right, as that was already established. Rather, it was to demonstrate that he had suffered some harm as a result of the violation. This she failed to do.

¶ 20. It is not because we discount the importance of holding public officials accountable that we reverse the award of attorney's fees in this case. Rather, we find that the superior court's exercise of discretion in awarding attorney's fees cannot be sustained because landowner's only victory in this case was achieved by an attorney for whom fees were not requested. Once this Court issued an opinion acknowledging the landowner's due-process right to a tree-warden hearing, landowner's new attorneys met with no more success. For this reason we must reverse the award of attorney's fees.

*Affirmed, except for the award of attorney's fees to plaintiff, which is reversed.*