NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@state.vt.us or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2015 VT 119

No. 2014-108

| | |
|---|---|
| Roxanne Moran | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Washington Unit, |
| | Civil Division |
| | |
| Vermont State Retirement Board and | November Term, 2014 |
| Vermont State Treasurer | |

Helen M. Toor, J.

Steven P. Robinson of Diamond & Robinson, P.C., Montpelier, for Plaintiff-Appellant.

William H. Sorrell, Attorney General, and Jacob A. Humbert, Assistant Attorney General, Montpelier, for Defendants-Appellees.

PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.

¶ 1. **REIBER, C.J.** Claimant appeals from the Superior Court, Washington Unit, Civil Division's dismissal of her complaint for lack of jurisdiction. Claimant, a former employee of the Vermont State Hospital, separated from state service and applied for ordinary disability-retirement benefits in November of 2011. The Medical Review Board denied benefits, and claimant requested an evidentiary hearing pursuant to 3 V.S.A. § 461a, after which benefits were again denied. Claimant then pursued an appeal to the superior court under Vermont Rule of Civil Procedure 75, seeking relief in the form of an award for disability retirement benefits or a remand to the Board. The court dismissed the action for lack of jurisdiction, and claimant appealed. We affirm.

¶ 2. On appeal, claimant argues that because the superior court had jurisdiction over the appeal the Rule 75 action should not have been dismissed. In the alternative, claimant argues that, even if the superior court did not have jurisdiction to review the Board's decision, her timely filed Rule 75 complaint is sufficient to preserve our jurisdiction under Vermont Rules of Appellate Procedure 3 and 4. In addition to its brief directly responding to claimant's arguments on appeal, the State has also filed a motion to dismiss a portion of the appeal as untimely. We consider that motion with the merits of the case.

## I. Jurisdiction Under Rule 75

¶ 3. Rule 75 makes judicial review available for actions by state agencies that are not reviewable under Civil Rule 74 or the Vermont Rules of Environmental Court Procedure "if such review is otherwise available by law." V.R.C.P. 75(a). In granting the State's motion to dismiss, the superior court determined that proceedings under 3 V.S.A. § 461a are "contested cases" within the meaning of the Vermont Administrative Procedure Act (VAPA), 3 V.S.A. §§ 800-849. Further, under VAPA, this Court is the proper forum for an appeal from a final decision in any contested case, "unless some other court is expressly provided by law." Id. § 815(a). The cases that claimant cited in support of her position did not persuade the superior court because they were either decided before the passage of § 461a or involved the retirement system administered by the City of Burlington as opposed to a state retirement system. Our review of the superior court's conclusions of law "is nondeferential and plenary." Hamilton v. Town of Holland, 2007 VT 133, ¶ 9, 183 Vt. 247, 950 A.2d 1183.

¶ 4. Section 461a enables a state disability-retirement applicant, such as claimant, to request an evidentiary hearing if the application is denied. 3 V.S.A. § 461a(a). The statute provides that such hearings "shall be conducted by a hearing officer designated by the board and in conformance with rules adopted by the board." Id. § 461a(b). The rules adopted by the state retirement board "shall be consistent with [3 V.S.A. § 809]." Id. "The decision of the hearing

2

officer shall constitute final administrative action." Id. § 461a(c). Reading these provisions together with VAPA reveals the Legislature's intent that someone in claimant's position should appeal directly to the Supreme Court from the state retirement board.

¶ 5. The state retirement board established under 3 V.S.A. § 471 is an "agency" within the meaning of VAPA. 3 V.S.A. § 801(b)(1) (including "state board" within definition of "agency"). This case is a "contested case" within the meaning of VAPA because the retirement board is required to give claimant a hearing to determine whether claimant has a right to disability retirement benefits. Id. § 801(b)(2) (defining "contested case" as "a proceeding . . . in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing"). This classification is reinforced by the language in § 461a(b) expressly cross-referencing VAPA's rules for contested hearings, see id. § 809, as well as by the provision that these contested hearings "shall constitute final administrative action." Id. § 461a(c). VAPA provides, "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in any contested case may appeal that decision to the supreme court, unless some other court is expressly provided by law." 3 V.S.A. § 815(a). Because this is a contested case, § 815(a) directs that an appeal is brought to this Court.

¶ 6. Because VAPA and § 461a statutorily mandate the appellate process for these contested cases, superior court review under Rule 75 is inappropriate. "Relief under Rule 75 . . . is not available when the legislature has established a direct route of appeal." Bd. of Trs. of Kellogg-Hubbard Library, Inc. v. Labor Relations Bd., 162 Vt. 571, 577, 649 A.2d 784, 788 (1994).

¶ 7. Claimant cites Preston v. Burlington City Retirement System to support the proposition that § 461a allows the superior court to hear appeals under Rule 75. 2013 VT 56, 194 Vt. 147, 76 A.3d 615. Our conclusion in Preston—that superior court jurisdiction under

3

Rule 75 is available for a member of the Burlington Employees' Retirement System, id. ¶ 20—does not control in an appeal from a decision by the state retirement board in a contested case.

¶ 8.     Preston involved the City of Burlington's retirement system, which was established under City ordinances rather than state statute.  Compare City of Burlington Code of Ordinances §§ 24-14 to 24-42 (2014) [hereinafter Burlington Ordinances], http://www.codepublishing.com/VT/Burlington (establishing Burlington Employees' Retirement System), with 3 V.S.A. §§ 455-495 (establishing Vermont State Retirement System), 16 V.S.A. §§ 1931-1953 (establishing State Teachers' Retirement System of Vermont), and 24 V.S.A. §§ 5051-5070 (establishing Vermont Municipal Employees' Retirement System).  The city retirement board is not an "agency" for purposes of VAPA, which includes only state entities within its definition.  3 V.S.A. § 801(b)(1).  Neither the city ordinances nor VAPA suggest that VAPA governs judicial review of a decision by the city retirement board.

¶ 9.     Although we previously cited 3 V.S.A. § 461a in Preston and concluded that superior court jurisdiction under Rule 75 was appropriate in that case, 2013 VT 56, ¶ 20, the outcome here is not inconsistent.  We cited § 461a in Preston to support only the proposition that judicial review of a retirement board decision was available.  See Preston, 2013 VT 56, ¶ 19 (observing that statutory phrase "shall constitute final administrative action" reveals "clear intent that the agency decision shall be considered 'final' solely for purposes of administrative exhaustion and ripeness for subsequent judicial review" (emphasis omitted)).  We did not cite § 461a to reach the more specific conclusion that Rule 75 provides the superior court with jurisdiction to review a decision from a state retirement board hearing.

¶ 10.    Moreover, the Vermont cases we cited in Preston do not control here because those cases were all decided prior to the enactment of 3 V.S.A. § 461a and, therefore, did not involve contested cases.  See Preston, 2013 VT 56, ¶ 15 (listing pre-§ 461a cases where review of state retirement board decision was properly through Rule 75).  Prior to the enactment of

4

§ 461a, and like the city ordinance at issue in Preston, the Vermont State Retirement System statutes did not expressly provide retirement-benefit claimants with notice or the opportunity to have a hearing. See Fitzpatrick v. Vt. State Ret. Sys., 136 Vt. 510, 511, 394 A.2d 1138, 1139 (1978) ("The [state retirement system] statute makes no provision for a hearing upon any issue or determination which might arise under its terms."). Compare 3 V.S.A. § 460 (1995), and 3 V.S.A. § 460 (Cum. Supp. 2002), with Burlington Ordinances § 24-23.

¶ 11. Extraordinary relief through Rule 75 was appropriate in the pre-§ 461a cases because "a public employee's entitlement to disability retirement is a constitutionally protected property interest requiring minimal due process protections in the form of notice and an opportunity to respond." Preston, 2013 VT 56, ¶ 16 (quotation omitted). Without Rule 75, public retirement-system members in municipal systems, like the one at issue in Preston and in the pre-§ 461a state retirement system, had no way to contest their cases or seek judicial review of adverse decisions. It does not makes sense for Rule 75 review to be available in this case because the current statutory scheme provides a sound procedure for contesting cases that affords notice, hearing, and judicial appellate review.

¶ 12. Superior court review under Rule 75 is appropriate "[w]hen legislation is silent on the mode of review," id. ¶ 13, but the legislation is not silent in this case.[1] Section 461a makes these proceedings contested cases under VAPA and, therefore, subject to VAPA's appeal provision. In doing so, and by establishing an ordinary channel for appeals under 3 V.S.A. § 815, the Legislature has eliminated not only the need for review under Rule 75, but also its availability in these cases. The superior court correctly recognized that under § 461a and VAPA,

---

[1] Interestingly, the Legislature has, in a handful of statutes, expressly provided for review in accordance with Rule 75. See, e.g., 5 V.S.A. § 3639 (transportation board orders to reopen railroad cattle-crossings); 13 V.S.A. § 5411b (Department of Corrections designation of sexual offender as "high-risk"); 18 V.S.A. § 4474g (Department of Public Safety denials of marijuana dispensary registration identification cards); 23 V.S.A. § 3023 (decisions by Commissioner of Motor Vehicles regarding diesel fuel tax); 28 V.S.A. § 373 (parole board revocation of supervised community sentence).

5

the proper avenue for an appeal from a state retirement board decision is an appeal directly to this Court. We therefore affirm the superior court's dismissal for lack of jurisdiction.

## II. Timeliness Under the Rules of Appellate Procedure

¶ 13. Claimant argues in the alternative that, even if the superior court lacked jurisdiction, her timely filing in the superior court under Rule 75 preserves this Court's jurisdiction over her appeal because the superior court filing "constitutes a timely appeal" under Appellate Rules 3 and 4. In effect, this argument is an attempt to appeal directly to this Court from the state retirement board. The State filed a motion to dismiss this portion of claimant's appeal, arguing that there is no basis under the Rules of Appellate Procedure to transfer a Rule 75 action from the superior court to this Court.

¶ 14. Claimant's attempt to bring the state retirement board's decision directly before us fails because the Rule 75 complaint in superior court does not function as a notice of appeal to this Court.

> A notice of appeal serves two functions—it informs the parties and the tribunals concerned that the proceedings are not concluded so they may respond accordingly, and it invokes appellate jurisdiction by accomplishing the transfer of the cause to the reviewing authority while the question sought to be reviewed remains open to appeal.

Casella Constr., Inc. v. Dep't of Taxes, 2005 VT 18, ¶ 6, 178 Vt. 61, 869 A.2d 157 (quotations omitted). "Appellate Rules 3 and 4 make clear that the timely filing of the notice of appeal is a jurisdictional requirement." In re Lund, 2004 VT 55, ¶ 4, 177 Vt. 465, 857 A.2d 279 (mem.) (quotation omitted). The Rules of Appellate Procedure require appellants to file a notice of appeal within thirty days after the entry of the decision appealed from. V.R.A.P. 4(a)(1). Appellate Rule 3 sets forth the requirements for a notice of appeal, which include naming the court to which the appeal is taken. V.R.A.P. 3(d)(1)(C). "An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the appeal's validity, but is

ground for the Supreme Court to take any appropriate action, including dismissal." V.R.A.P. 3(b)(1)(D) (emphasis added).

¶ 15. The Rule 75 complaint that claimant filed in the superior court is defective because it fails to "name the court to which the appeal is taken." V.R.A.P. 3(d)(1)(C). Identifying the court to which an appeal is directed is not a mere formality, but rather a substantive requirement under Appellate Rule 3. Even under a liberal construction of the rule, claimant's Rule 75 complaint in the superior court does not meet this requirement because it does not name the Supreme Court as the forum for the appeal. The complaint fails to notify the opposing party and this Court of a proceeding here.

¶ 16. Moreover, by purporting to transfer the case from the state retirement board to the superior court, the complaint fails to invoke our jurisdiction. The Rule 75 complaint expressly sought to invoke the superior court's jurisdiction, rather than this Court's. Claimant cannot now argue that the complaint was functionally equivalent to a notice of appeal under Appellate Rules 3 and 4 that would invoke our jurisdiction.

¶ 17. As a practical matter, review pursuant to Rule 75 is distinct from the appellate review that is available under VAPA and the Rules of Appellate Procedure. Rule 75 provides for proceedings that are "governed by the Rules of Civil Procedure as modified by this rule." V.R.C.P. 75(b). Claimant's Rule 75 complaint appears to seek "proceedings in the nature of certiorari." Reporter's Notes, V.R.C.P. 75; see also Rheaume v. Pallito, 2011 VT 72, ¶¶ 5-8, 190 Vt. 245, 30 A.3d 1263 (describing review available under Civil Rule 75 as traditional writs of prohibition, mandamus, or certiorari). "Review by certiorari, however, is not the same as that of an ordinary appeal." Burroughs v. W. Windsor Bd. of Sch. Dirs., 141 Vt. 234, 237, 446 A.2d 377, 379 (1982). Thus, claimant's complaint further fails as a notice of appeal in the Supreme Court because it expressly seeks a different review than what this Court would conduct in a direct appeal from the state retirement board.

7

¶ 18.    Claimant cites <u>In re Shantee Point, Inc.</u> for the proposition that "[i]f a litigant's action is the functional equivalent of what [Appellate Rule 3] requires, we will find compliance." 174 Vt. 248, 259, 811 A.2d 1243, 1252 (2002) (citing <u>Torres v. Oakland Scavenger Co.</u>, 487 U.S. 312, 316-17 (1988)).  "If a litigant files in a timely fashion a document that specifically indicates an intent to appeal and gives sufficient notice of that intent, there is compliance with the requirement to file a notice of appeal."  <u>Id</u>. at 259, 811 A.2d at 1253 (citing <u>Smith v. Barry</u>, 502 U.S. 244, 248 (1992) (finding informal brief to be functional equivalent of notice of appeal under Federal Appellate Rule 3)).

¶ 19.    <u>Shantee Point, Inc.</u> arose from concurrent proceedings in the environmental court and the superior court between the same parties, Shantee Point Estates, Inc. (SPE) and Stephen Dana.  After decisions issued from those courts, SPE filed two separate notices of appeal in the environmental court and the superior court.  Dana sent a notice of appeal only to the environmental court.  While the body of Dana's notice of appeal mentioned only the environmental court proceedings, the caption in the notice referred to the proceedings in both the environmental court and the superior court.  The cover letter accompanying the notice of appeal also listed the docket numbers for both the environmental court and the superior court proceedings.  The cover letter stated that a notice of appeal "in relation to the above captioned matters" was enclosed.  <u>Id</u>. at 259, 811 A.2d at 1252.  Within the time allowed to file a cross-appeal, Dana clarified the scope of his appeal in a letter to the Supreme Court and indicated his intention to appeal decisions from both courts. SPE subsequently withdrew its appeal of the superior court decision and moved to dismiss Dana's cross-appeal from that court.  We determined that "[t]he clarifying letter combined with the earlier notice of appeal was the functional equivalent of a complying notice of appeal."  <u>Id</u>. at 260, 811 A.2d at 1253.

¶ 20.    Claimant also cites <u>Casella Construction, Inc.</u>, a later case in which we adopted the reasoning that "[i]f a document filed within the time specified by Rule 4 gives the notice

8

required by Rule 3, it is effective as a notice of appeal." 2005 VT 18, ¶ 8 (quoting <u>Smith</u>, 502 U.S. at 248-49). <u>Casella Construction, Inc.</u> involved a dispute between a construction company and the Department of Taxes that we initially dismissed for lack of jurisdiction on the grounds that it had been untimely filed. The Department hand-delivered a notice of appeal to this Court within the deadline. The Department also mailed a notice of appeal directly to the superior court, but that notice of appeal did not arrive until shortly after the deadline had already passed. Appellate Rule 4 provides that when a notice of appeal is "mistakenly filed" in this Court, "the Supreme Court clerk will indicate on the notice the date when it was received and forward it to the superior court clerk. The notice is considered filed in the superior court on the date so noted." V.R.A.P. 4(a)(5).

¶ 21. We granted the Department's request to reinstate the appeal, concluding that "when a notice of appeal is filed with this Court within the proper time period, and not with the trial court during that same period, it is 'mistakenly filed' within the meaning of [Appellate] Rule 4." <u>Casella Constr., Inc.</u>, 2005 VT 18, ¶ 5. The effect of this holding is that any notice of appeal may be deemed timely filed if it is filed in the Supreme Court before the thirty-day deadline, regardless of the appellant's intent or inadvertence. <u>Id</u>. ¶¶ 9-11.

¶ 22. <u>Shantee Point, Inc.</u> and <u>Casella Construction, Inc.</u> are not helpful to claimant. Unlike the appellants in those cases, claimant filed nothing in this Court or with the state retirement board that is "the functional equivalent" of a notice of appeal until after the deadline for an appeal had long past. See <u>Shantee Point, Inc.</u>, 174 Vt. at 259, 811 A.2d at 1252. "[T]he notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal." <u>Casella Constr., Inc.</u>, 2005 VT 18, ¶ 8 (quotation omitted). A Rule 75 complaint in superior court does not afford sufficient notice of an appellate proceeding in this Court, and therefore cannot initiate appellate proceedings here.

¶ 23. In this case, the state retirement system informed claimant of her right to appeal directly to this Court from the retirement board's adverse decision. No appeal came to this Court until ten months after Appellate Rule 4's thirty-day filing deadline. The appeal that has been filed arises from the superior court's dismissal, not the decision of the state retirement board. Therefore, arguments regarding the substance of the state retirement board decision are not properly before us. Cf. Stoll v. Burlington Elec. Dep't, 2009 VT 61, ¶ 10 n.3, 186 Vt. 127, 977 A.2d 1282 (affirming trial court's dismissal for lack of jurisdiction and denying appellant leave to file untimely direct appeal from agency decision despite previous "mistake in choice of forum" (quotation omitted)); Fiske v. Perry, 2007 VT 58, ¶ 1, 182 Vt. 540, 929 A.2d 277 (mem.) (dismissing appeal where notice was filed one day after deadline); Lund, 2004 VT 55, ¶¶ 4-7 (dismissing untimely filed appeal and holding that mistake of law is not excusable neglect for purposes of motion to extend time for filing notice of appeal); Badger v. Rice, 124 Vt. 82, 85, 196 A.2d 503, 505 (1963) ("[J]urisdictional demands must be met within the time prescribed, otherwise, the case is closed.").

¶ 24. This conclusion renders moot the State's motion to dismiss.

Affirmed. The State's motion to dismiss is denied as moot.

FOR THE COURT:

_____
Chief Justice

10