## STATE of Vermont v. Merrill J. CARTER

[577 A.2d 280]

No. 89-501

May 17, 1990. Defendant argues that the trial court erred by denying defendant's motion to disqualify an assistant judge from the sentencing hearing. We disagree.

V.R.Cr.P. 50(d)(2) requires that an affidavit or a certificate of the movant's attorney accompany the motion to disqualify and state the reason therefor, and when such reason first became known. Defendant failed to provide the court with the requisite affidavit or certificate. This failure alone would warrant dismissal of the motion to disqualify. V.R.Cr.P 50(d)(1).

A judge must disqualify himself whenever a doubt of impartiality would exist in the mind of a reasonable disinterested observer. See Code

of Judicial Conduct, A.O. 10, Canon 3(C)(1); *Richard v. Richard*, 146 Vt. 286, 288, 501 A.2d 1190, 1191 (1985). However, motions that lack foundation should be denied. *Id.* To maintain a colorable claim of judicial disqualification, the moving party must affirmatively and clearly show bias or prejudice directed against him. *Cliche v. Fair*, 145 Vt. 258, 261–62, 487 A.2d 145, 148 (1984). Defendant's motion consisted only of innuendo and unsubstantiated suspicion and therefore lacked the foundation necessary to justify recusal. We also reject defendant's contention that the court erred in considering the knifing allegation in sentencing defendant for simple assault. Absent an objection to any part of the sentencing or to the facts contained in the presentence report, defendant can only obtain a reversal upon a showing of plain error. See *In re Pernicka*, 144 Vt. 319, 322, 478 A.2d 224, 226 (1984). Examination of the presentence report and the record indicates that, in sentencing defendant, the judge did not consider defendant's alleged knifing of the victim in the back. The judge referred to the victim's head and stomach pain, injuries which stemmed from his being struck with a bottle and kicked by defendant. There was no error.

*Affirmed.*