# Albert L. Ball & Jeanette Ball v. Melsur Corporation

[633 A.2d 705]

No. 92-487

Present: Allen, C.J., Gibson and Johnson, JJ., and Peck, J. (Ret.), Specially Assigned

Opinion Filed September 24, 1993

*Frederick deG. Harlow* and *Martha Anne Wieler* of *Harlow Liccardi & Crawford, P.C.*, Rutland, for Plaintiffs-Appellees.

*Sheilla C. Files* and *Douglas Richards* of *Richards & Files, P.C.*, Springfield, for Defendant-Appellant.

**Allen, C.J.** Defendant Melsur Corporation appeals an adverse judgment in a personal injury case and seeks a new trial. Defendant claims that: (1) the administrative judge for the trial courts committed reversible error when he denied defendant's motion for recusal; (2) the trial court committed reversible er-

ror when it allowed plaintiffs to present evidence of certain OSHA/VOSHA standards and their alleged violation; (3) the jury verdict was a result of passion, caprice, prejudice, compromise, or some other consideration; and (4) the trial judge demonstrated prejudice in favor of plaintiffs when he engaged in a pattern of rulings in their favor throughout the trial. We affirm.

On February 12, 1987, plaintiff Albert Ball was injured while he was delivering fine sawdust, called wood flour, to defendant. Plaintiff was employed by Allen-Rogers, Ltd., as a truck driver. Allen-Rogers was one of several companies that delivered wood flour to defendant.

On the date in question, plaintiff backed his truck up to defendant's loading dock, parked it, and went inside the plant. A metal dockboard was placed between the loading dock and the rear of the truck by an employee of defendant, whose responsibility was to unload the sacks of wood flour with a forklift. In the course of unloading the wood flour, the forklift became stuck on the dockboard. Plaintiff was asked to help dislodge the forklift. In response, plaintiff picked up a piece of wood, and using it as a lever, placed it under the forklift and began prying the forklift upward. The piece of wood slipped and plaintiff fell backward into a cement wall, thereby injuring his back.

Plaintiffs claim that the forklift operator had not been adequately trained in forklift operation and that it was unsafe to ask plaintiff Albert Ball to attempt to pry or push the forklift when it was stuck. They also alleged that the dockboard did not conform with specific OSHA/VOSHA regulations. Defendant denied any negligence and filed a motion in limine seeking a pretrial determination that plaintiffs be precluded from introducing any evidence at trial of the alleged OSHA/VOSHA violations.

When the case was originally scheduled to be tried, the presiding judge for the Windham Superior Court was not available. Both parties requested the administrative judge for the trial courts to specially assign the case for trial in early August of 1992 if a judge was available. James L. Morse, a justice on this Court and former superior court judge, had agreed to an assignment in the Windham Superior Court because of the unavailability of the presiding judge. When the justice was assigned this case, he recalled that plaintiffs' attorney had filed

an ethical complaint against him with the Judicial Conduct Board some six or eight years earlier, which was resolved when the Board dismissed the complaint. The justice asked not to be assigned to the case, out of concern that plaintiffs' attorney might believe the assignment was done solely because of the prior complaint.

Sometime prior to the scheduled trial date, counsel for plaintiffs contacted the administrative judge to inquire why Justice Morse had decided not to preside over this case. Counsel understood from the clerk of the court and the administrative judge that the justice's decision was based on the prior ethical complaint. The attorney then wrote to Justice Morse on July 28, 1992, stating that he felt such a decision was unwarranted since the Conduct Board had vindicated the justice. Plaintiffs' counsel went on to say that he felt that the request for reassignment showed that the justice bore a grudge against him for filing the complaint.

In response, Justice Morse drafted a letter to dispel the attorney's misapprehension and accepted assignment as trial judge of the case. This letter was hand delivered at a pretrial conference three days later, on the first day of trial. In addition to Justice Morse's letter, copies of all prior communications were also hand delivered to defense counsel at the pretrial conference.

On the second day of trial, defendant filed a motion for recusal alleging that "past events which occurred between Justice Morse and attorney Harlow" required it. This motion was denied. The trial judge later vacated his ruling and referred the motion to the administrative judge pursuant to V.R.C.P. 40(e).[1] The administrative judge heard oral arguments on the motion for recusal at the end of the third day of trial and denied the motion.

## I.

▮▮ Defendant argues that the administrative judge for the trial courts committed reversible error when he denied defendant's motion for recusal of the trial judge. Before turning

---

[1] For the balance of this opinion, we refer to Justice Morse as the "trial judge."

to the merits of defendant's claim, however, we must identify the appropriate standard of review to apply to the administrative judge's decision. Canon 3C(1) of the Code of Judicial Conduct establishes the general rule for disqualification of judges, providing that "[a] judge shall disqualify himself in a proceeding in which his impartiality might reasonably be questioned." A.O. 10, Canon 3C(1). This standard is met "'whenever a doubt of impartiality would exist in the mind of a reasonable, disinterested observer.'" *State v. Hunt*, 150 Vt. 483, 492, 555 A.2d 369, 375 (1988), *cert. denied*, 489 U.S. 1026 (1989) (quoting *Richard v. Richard*, 146 Vt. 286, 288, 501 A.2d 1190, 1191 (1985)). Since reasonable minds may differ on an issue, a certain degree of discretion inheres in the determination of whether a judge's impartiality may be doubted in a given situation. Moreover, the judge subject to the recusal motion is accorded a presumption "of 'honesty and integrity,' with burden on the moving party to show otherwise in the circumstances of the case." *Klein v. Klein*, 153 Vt. 551, 554, 572 A.2d 900, 903 (1990).

We decline to hold that a per se lack of impartiality, mandating recusal, arises whenever a judge is the subject of a judicial conduct complaint by an attorney. On its face, the "reasonable disinterested observer" standard of Canon 3C(1) forestalls such an inflexible per se rule, but instead enables the decisionmaker to take particular circumstances into account. Policy considerations also counsel against a mandatory recusal rule. Otherwise, an attorney would need only file a complaint, possibly groundless, to avoid a particular judge thereafter. Conversely, the requirement could cause an attorney to withhold a legitimate complaint against a judge that would effectively bar later appearances before that judge. Either scenario could undermine the integrity and goals of the judicial conduct review process. Considering these problems, and the effectiveness of the current flexible standard, we see no reason to adopt a per se recusal rule.

Defendant argues, citing *Richard v. Richard*, 146 Vt. at 288, 501 A.2d at 1191, that disqualification is required if even the slightest question exists as to a judge's impartiality. In *Richard*, however, we specified that this level of scrutiny was required "[a]bsent a procedure in Vermont for referral of close

questions to another judge." *Id.* Since *Richard* was decided, Rule 40(e) was adopted and mandates the intervention of a disinterested judicial officer if the trial judge does not grant a motion to recuse. According to Rule 40(e)(3), "[t]he judge whose disqualification is sought shall either disqualify himself or herself or, without ruling on the motion, refer the motion to the Administrative Judge for Trial Courts . . . ." V.R.C.P. 40(e)(3). As noted above, Canon 3C(1) provides a degree of discretion on the decision whether or not to recuse. Therefore, if the trial judge does not grant the motion to recuse, the question of recusal hinges on the administrative judge's exercise of discretion. On review this Court will disturb such a ruling only if there has been an abuse of discretion, that is, if the record reveals no reasonable basis for the decision. *State v. Savo,* 141 Vt. 203, 208, 446 A.2d 786, 789 (1982). Having determined the appropriate standard of review, we turn to the merits of defendant's claim.

The administrative judge did not abuse his discretion by denying the motion to recuse the trial judge. Defendant does not dispute that both sides had an adequate opportunity to present argument and evidence to the administrative judge. The record shows that the administrative judge was fully informed as to the nature and content of all communications between plaintiffs' counsel and the trial judge prior to trial, and of defendant's efforts to secure a recusal in the first two days of trial. The administrative judge found that any problem between the trial judge and plaintiffs' counsel had been resolved, a finding amply supported by the record. The administrative judge also concluded that defendant had failed to demonstrate that whatever occurred between the trial judge and plaintiffs' counsel would have a negative impact on defense counsel or his clients.

■ ■ Furthermore, defendant failed to make any affirmative demonstration of actual prejudice or bias by the trial judge. A party seeking a trial judge's recusal must make a clear and affirmative showing of bias or prejudice. *State v. Carter,* 154 Vt. 646, 647, 577 A.2d 280, 281 (1990) (mem.); *Klein,* 153 Vt. at 554, 572 A.2d at 902. Defendant argued only that the potential existed for the trial judge to overcompensate in avoiding the appearance of bias against plaintiffs, with the result of prejudicing defendant. Defendant believed that none of the trial

judge's rulings had gone in its favor, but never specified how any ruling evidenced bias. Absent an affirmative showing of bias, and in light of the resolution of the misunderstanding between the trial judge and plaintiffs' counsel well before trial, we find that the administrative judge had a reasonable basis to deny defendant's motion to recuse. There was no abuse of discretion.

We note, however, two procedural errors. First, the trial judge erred by denying defendant's motion to recuse, though he did subsequently vacate the motion and refer the matter to the administrative judge. In this case, Rule 40(e) clearly and unequivocally reserves to the administrative judge the power to deny a motion to recuse; a trial judge may only grant the motion. V.R.C.P. 40(e)(3). But the record shows that the administrative judge took this erroneous ruling into account in his deliberations on the motion to recuse, and factored it into his conclusion that defendant had not been prejudiced. Therefore, the error was harmless.

Second, the record also shows that the administrative judge acknowledged the potential waste of resources that would result were the five-day trial aborted by a recusal of the trial judge at the end of the third day. Conservation of scarce judicial resources, though a constant concern, does not enter into the consideration of whether recusal is necessary. Rule 40(e)(1) does require recusals to be resolved as soon as practicable, presumably to reduce the risk of waste inherent in mistrials. The rule clearly stipulates, however, that "[a] motion which is filed in violation of [Rule 40(e)(1)] shall not for this reason be denied"; attorney sanctions are the prescribed deterrent for delay.[2] *Id.* This provision demonstrates an unwillingness to allow considerations of economy to override assurance of fairness in a matter as important as recusal of the trial judge. Though it was improper for the administrative judge to consider the potential waste of three days of trial, his decision rested on a finding of no bias or prejudice against defendant, and is affirmed on that basis.

---

[2] The motion in this case was timely filed because it was made as soon as practicable after grounds for the motion became known. V.R.C.P. 40(e)(1).

## II.

Defendant argues that it was error to admit evidence regarding certain OSHA and VOSHA standards and defendant's violation of those standards.

After commencement of the litigation, plaintiffs moved to amend their complaint "to plead OSHA and VOSHA regulations that were violated by the defendant." The motion was granted, and defendant filed a motion in limine asking that plaintiffs be precluded from introducing any evidence at trial of alleged OSHA/VOSHA violations. Defendant argued that Albert Ball was not defendant's employee and was therefore not a member of the class of persons that OSHA/VOSHA is designed to protect. This motion was denied.

Plaintiffs first contend that defendant waived its right to appeal the introduction of OSHA/VOSHA standards into evidence when defendant failed to object to the court's OSHA/VOSHA jury charge. Although it is true that an appellant may not challenge the correctness of instructions to which no exceptions were taken, V.R.C.P. 51(b), defendant does not challenge the jury instruction on appeal. Rather, defendant argues that the court erroneously denied its motion in limine. A party need not object to the jury instruction in order to preserve its objection to the introduction of evidence. See *Boyd v. United States*, 142 U.S. 450, 457 (1892) (although defendants failed to object to jury charge, defendants objected to introduction of certain evidence, and that exception was not waived by failure to object to charge). Accordingly, defendant's failure to object to the jury charge did not waive its objection to the introduction of OSHA/VOSHA standards into evidence. We turn, then, to the question of whether those standards were properly admitted at trial.

The trial court has broad discretion in the admission and exclusion of evidence, discretion limited only by constitutional concerns, statutory provisions, and the rules of evidence. V.R.E. 402, 403. Generally, evidence is admissible if relevant, V.R.E. 402, and relevant if it has any tendency to make the existence of any fact of consequence to the determination of the action more or less probable. V.R.E. 401. At issue in this case is the duty, if any, that defendant owed plaintiff; thus, the VOSHA/OSHA rules are admissible if they bear on the existence of a duty.

■ The nature of any duty owed to plaintiff depends on plaintiff's relationship to defendant. A business invitee is "one invited or permitted to enter or remain on land in possession of another for a purpose directly or indirectly connected with business dealings between them." *Johnstone v. Bushnell*, 118 Vt. 162, 164, 102 A.2d 334, 336 (1954). Plaintiff was making a delivery of wood flour for defendant's use in the manufacture of school furniture, which qualifies as a purpose related to business dealings. Therefore, plaintiff was on defendant's premises as a business invitee.

■ In Vermont, a property owner must use reasonable care to keep its premises in a safe and suitable condition so that a business invitee is not "unnecessarily or unreasonably exposed to danger." *Morgan v. Renehan-Akers Co.*, 126 Vt. 494, 496, 236 A.2d 645, 647 (1967). Plaintiffs bear the burden of establishing the parameters of defendant's duty in the context of receiving deliveries, which is why they offered the OSHA/VOSHA rules as evidence of that duty. Defendant contends that VOSHA's definition of "employee" in conjunction with an employer's duty under VOSHA establishes that Albert Ball was not in the class to be protected, and therefore evidence of VOSHA rules was irrelevant and should not have been admitted. We have not addressed this question, but need not resolve it here in light of our resolution of the case.

■ Even if the OSHA/VOSHA regulations alone do not establish a duty, they are properly admissible as evidence of a standard of care. *Rolick v. Collins Pine Co.*, 975 F.2d 1009, 1013 (3d Cir. 1992), *cert. denied*, — U.S. —, 113 S. Ct. 1417 (1993). OSHA/VOSHA rules governing dockboards and the training of forklift operators enumerate procedures to ensure safe and effective operation. See 29 C.F.R. § 1910.30(a) (dockboards); VOSHA Safety and Health Standards for General Industry § 1910.30(a) (same); 29 C.F.R. § 1910.178 (forklift operation); VOSHA Safety and Health Standards for General Industry § 1910.178 (same). These general principles are not, per se, limited to the "employer-employee" relationship as defined in OSHA and VOSHA, though OSHA/VOSHA penalties for their violation would follow only where those statutes apply. Thus, the OSHA/VOSHA rules may be borrowed "for use as evidence

of the standard of care owed to the plaintiff." *Rolick*, 975 F.2d at 1014; see also *Dunn v. Brimer*, 537 S.W.2d 164, 166 (Ark. 1976) (quoting Prosser, The Law of Torts 202 (4th ed. 1971) ("'where the statute does set up standard precautions, although only for the protection of a different class of persons, or the prevention of a distinct risk, this may be a relevant fact, having proper bearing upon the conduct of a reasonable [person] under the circumstances'"); *Kraus v. Alamo Nat'l Bank of San Antonio*, 586 S.W.2d 202, 208 (Tex. Ct. Civ. App. 1979), *aff'd*, 616 S.W.2d 908 (Tex. 1981) (OSHA regulations are admissible in evidence as relevant to standards of conduct that should have been employed by owner of building whose wall collapsed on occupants of an automobile). Accordingly, the OSHA/VOSHA regulations were properly admitted as relevant evidence of the standard of care.

## III.

Defendant argues that the jury verdict for plaintiffs should be set aside because it was the result of passion, caprice, prejudice, compromise or some other consideration not in evidence. Defendant argues that the jury's award is inconsistent because it does not include compensation for present or future pain and suffering, but does provide for future medical expenses.

 A verdict will not be upheld if "there is evidence that the jury 'compromised its verdict.'" *Grazulis v. Curtis*, 149 Vt. 371, 374, 543 A.2d 1324, 1326 (1988) (citation omitted). In determining whether a jury verdict is a result of passion, caprice, prejudice, compromise or some other consideration not in evidence, "[t]he threshold determination [of] whether a verdict has been compromised . . . is whether the jury could reasonably have calculated the damages awarded on the evidence presented." *Fournier v. Estate of Loiselle*, 132 Vt. 601, 602, 326 A.2d 155, 156 (1974). Absent evidence of an abuse of discretion, we defer to the trial court to determine issues of compromise as it is in a better position to determine the question. *Rule v. Johnson*, 104 Vt. 486, 491, 162 A. 383, 385–86 (1932).

 Here, the jury could have awarded future medical expenses for the purpose of increasing plaintiff's future earning capacity rather than alleviating pain or it could have concluded

that the amount expended for medicines and treatment would eliminate the pain. Inasmuch as the award granted by the jury does not manifest compromise, it should not be set aside.

## IV.

Defendant's final claim is that the cumulative effect of certain evidentiary rulings demonstrate the trial judge's alleged prejudice in favor of plaintiffs, warranting a new trial. Defendant does not contend that any one of the alleged errors in itself would require reversal and a new trial, but enumerates them only as evidence of a pattern of bias against defendant. Therefore, we need not consider the merits of the three evidentiary rulings briefed by defendant, and assume for purposes of discussion that they were erroneous.

As noted above, bias or prejudice must be clearly established by the record. *Carter*, 154 Vt. at 647, 577 A.2d at 281; *Klein*, 153 Vt. at 554, 572 A.2d at 902. We have ruled, and defendant concedes, that contrary rulings alone, no matter how numerous or erroneous, do not suffice to show prejudice or bias. *Pettengill v. New Hampshire Ins. Co.*, 129 Vt. 23, 33, 270 A.2d 883, 889 (1970); *Leonard v. Willcox*, 101 Vt. 195, 215, 142 A. 762, 771 (1928). There must be a showing that "conditions and circumstances are such that the perfectly honest and competent judge would in fact be unable to afford a litigant such an absolutely impartial trial as the law intends and requires." *Willcox*, 101 Vt. at 216, 142 A.2d at 771 (citations omitted). Defendant does not meet its burden by pointing out only a number of unfavorable evidentiary rulings. Without other, affirmative evidence, we cannot say that the trial judge rendered his decisions with bias or prejudice toward defendant.

*Affirmed.*