*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2013-278

MARCH TERM, 2014

| | |
|---|---|
| In re S.C., Juvenile | }    APPEALED FROM: |

}

}   Superior Court, Washington Unit,

}   Family Division

}

}   DOCKET NO. 68-4-12 Wnjv

Trial Judges: Howard A. Kalfus
(termination of parental rights); Amy
M. Davenport (disqualification motion)

In the above-entitled cause, the Clerk will enter:

Mother appeals from a decision by the administrative judge denying her motion to disqualify the trial judge in this termination-of-parental rights proceeding. Mother contends that the administrative judge applied the wrong legal standard in denying the motion. We affirm.

The facts underlying the termination-of-parental rights judgment are neither contested nor material to this appeal, and therefore need not be recited. As relevant here, the record discloses that, at a status conference one week before trial, mother's attorney moved to disqualify the trial judge based on the judge's prior representation of the Department for Children and Families, where his supervisor was Jody Racht, trial counsel for DCF in this matter. The motion did not allege that the trial judge had represented DCF with respect to this case or with respect to mother. Mother's attorney argued that the prior relationship created a disqualifying perception of bias. The court, in response, stated that he had planned to disclose this information, explained that he had worked for the Attorney General's office under the supervision of attorney Racht from January 2003 to April 2005, and further disclosed that he and attorney Racht "are both professional musicians and about once or twice a year will play together in various groups." The court indicated that it could hear the case impartially and referred the matter to the administrative judge. V.R.C.P. 40(e)(3) ("The judge whose disqualification is sought shall either disqualify himself or herself or . . . refer the motion to the Administrative Judge for Trial Courts . . . .").

The administrative judge thereafter reviewed the matter and issued a written ruling in June 2013. In her decision, the administrative judge reviewed the standards governing disqualification, noting that a trial judge must recuse himself or herself "whenever a doubt of impartiality would exist in the mind of a reasonable, disinterested observer." Ball v. Melsur Corp., 161 Vt. 35, 39 (1993). The decision to recuse rests within the court's sound discretion, and in reviewing that decision the court is accorded a "presumption of honesty and integrity." State v. Putnam, 164 Vt. 558, 561 (1993). It is the moving party's burden to "make a clear and

affirmative showing" of bias or prejudice sufficient "to raise a reasonable doubt about the court's impartiality." Luce v. Cushing, 2004 VT 117, ¶ 23, 177 Vt. 600 (mem.).

Analyzing the issue as one in which the trial judge has a prior professional relationship with a lawyer or office involved in the case, the administrative judge noted that courts generally employ a totality-of-the-circumstances test that considers a variety of factors, including: "(1) the nature and extent of the prior association, (2) the length of time since the association was terminated, (3) the possibility that the judge might continue to benefit from the relationship, and (4) the existence of personal or social relationships springing from the professional relationship." See ABA, Annotated Model Code of Judicial Conduct, Canon 3(E)(1), at 199 (2004). The administrative judge found that each of these factors militated against disqualification. Although attorney Racht was the trial judge's supervisor, there was no evidence of any special or close relationship between them. Moreover, the professional relationship came to an end more than eight years earlier, which the administrative judge found was "more than sufficient to avoid any appearance problem," and there was no evidence of any continuing financial or other benefit to the trial judge following the relationship. It is common in small states for judges to preside over cases litigated by lawyers with whom they have worked in the past, the administrative judge noted, and this does not represent a disqualifying circumstance in and of itself.

Finally, as for the disclosed social relationship between the trial judge and attorney Racht, the administrative judge found that playing music together once or twice a year did not, "without more, . . . imply the sort of close personal relationship that might raise an appearance of partiality." See Model Code, supra, at 209 ("A judge's impartiality will . . . generally not be called into question merely because the judge has a social relationship with a lawyer appearing in a case."). Accordingly, the administrative judge concluded that the trial judge's connections to attorney Racht were "too remote to overcome the presumption of honesty and integrity" and denied the motion. Following the subsequent trial, the trial court granted the petition to terminate mother's parental rights. This appeal followed.

As noted, mother's sole claim on appeal is that the administrative judge "applied the wrong legal standard" in denying the disqualification motion. The argument appears to rest on the following statement in the administrative judge's decision: "A trial judge should recuse himself 'whenever a doubt of impartiality would exist in the mind of a disinterested observer.' Ball v. Melsur Corp., 161 Vt. 35, 39 (1993) (citations omitted). If the trial judge declines recusal, disqualification rests with the sound discretion of a disinterested judge. State v. Putnam, 164 Vt. 558, 561 (1996)."

Mother asserts that the administrative judge erred because the issue is whether a doubt of impartiality would exist "in the mind of a reasonable disinterested observer, . . . not what doubt would exist in the mind of a reasonable disinterested judge." (Emphases in original.) Mother's argument appears to conflate the two concepts expressed by the administrative judge quoted above. The first is a statement of the disqualification standard, resting—as the administrative judge correctly observed—on the perception of a disinterested "observer" or member of the public. The second concerns the procedure for reviewing that question, which—as we explained in Putnam—is referred in the first instance to the administrative judge, whose decision is reviewed for "abuse of discretion." 164 Vt. at 561-62 ("[T]he question of recusal hinges on the administrative judge's exercise of discretion." (quotation omitted)). The administrative judge

here stated and applied the correct legal standard. We thus discern no merit to mother's claim and no basis to disturb the ruling.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice