*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

### ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-476

NOVEMBER TERM, 2015

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windham Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| David E. Piquette | } | DOCKET NO. 1343-12-11 Wmcr |

Trial Judge: David Suntag

In the above-entitled cause, the Clerk will enter:

Defendant appeals from the denial of his motion to recuse the trial judge and the denial of his motion to reduce his sentence. We affirm.

In November 2012, a jury convicted defendant of sexual assault and domestic assault. In August 2013, he was sentenced to ten years to life for sexual assault, and a concurrent sentence of twelve-to-eighteen months for domestic assault. This Court affirmed his conviction and sentence on appeal. See State v. Piquette, No. 2013-329, 2014 WL 3714959 (Vt. July 24, 2014) (unpub. mem.), http://www.vermontjudiciary.org/d-upeo/upeo.aspx. Following this Court's decision, defendant moved to reduce his sentence. He asked the court to sentence him to three years to life, which represented the minimum mandatory sentences for his crimes, or alternatively, to issue a split sentence. Defendant argued that he was innocent and that he could not take responsibility for crimes that he did not commit. He indicated his belief that the court had imposed the sentence that it did based on his failure to take responsibility for these crimes. Defendant noted that he had no prior criminal convictions, and friends had testified to his peaceful character. Defendant also indicated that he had been a "model prisoner" since being incarcerated.

Shortly after filing this motion, defendant moved to recuse the trial judge. He stated that he had filed a complaint with the Judicial Conduct Board (JCB) against the judge in March 2013, prior to his sentencing, in which he questioned the judge's credibility and impartiality. According to defendant, the court then imposed a sentence of ten years to life despite the mitigating factors that he identified. Defendant asserted that "the mere allegation that a trial judge is dishonest and biased would naturally affect that judge in the process of determining a sentence against an individual who made the allegations." He pointed to the sentence he received as evidence that, to some degree, the JCB complaint adversely affected the result. Counsel noted that, although defendant had discussed dissatisfaction with the judge prior to sentencing, counsel did not know why defendant was dissatisfied, nor did he know that defendant had submitted a JCB complaint. He became aware of these issues after defendant's appeal was decided.

The motion to recuse was referred to the Administrative Judge for the Trial Courts (AJ), who denied it. She explained that a trial judge should recuse himself or herself "whenever a doubt of impartiality would exist in the mind of a reasonable, disinterested observer." Ball v. Melsur Corp., 161 Vt. 35, 39 (1993) (quotation omitted). A judge is accorded "a presumption of honesty and integrity," State v. Putnam, 164 Vt. 558, 561 (1996), and to overcome this presumption, a party "must make a clear and affirmative showing of bias or prejudice." Ball, 161 Vt. at 40. The AJ recognized that the filing of a judicial conduct complaint is not per se grounds for recusing a trial judge, and that any other rule would open the door to attorneys and litigants filing possibly groundless complaints to avoid a particular judge. See id. at 39. The AJ thus rejected defendant's assertion that the mere filing of the JCB complaint sufficed to raise a concern about the trial judge's ability to fairly and impartially sentence defendant. The AJ also questioned the timing of the motion to disqualify. Rather than filing to recuse the judge in the many months between the filing of the JCB complaint and the sentencing hearing, the AJ noted defendant waited until well over a year after sentencing to file his motion, believing that the sentence was overly harsh and hoping that a different judge would agree with him. The AJ determined this was just the kind of judge shopping that Ball cautioned against. The AJ concluded that the fact that defendant disagreed with his sentence and believed that it might have been motivated by his JCB complaint, absent any other evidence indicating bias or impartiality, did not suffice to make the clear and affirmative showing necessary for recusal.

The trial judge then held a hearing on defendant's motion to reduce his sentence. The parties presented no evidence and relied on their written filings. The court denied the motion in a written order. It explained that at the original sentencing hearing, it had considered a pre-sentence investigation report (PSI), the testimony of four witnesses for defendant, a statement provided by the victim of the offenses, additional information regarding programming issues provided by the PSI's author, and the arguments of counsel. Defendant chose to remain silent at his sentencing hearing. At the time of the original sentence, the court explained why it imposed the sentence that it did. The court found that defendant committed a particularly violent sexual assault upon a victim with whom he was having an intimate relationship. It was a forcible rape made even more egregious by the commission of a domestic assault. Defendant testified at trial and denied committing the crime. The jury's verdict led to the inevitable conclusion that defendant committed perjury. Defendant denied committing the offense during his PSI interview and despite being provided with Begins-type immunity at the sentencing hearing, he chose not to speak or acknowledge any responsibility for the offenses for which he was convicted. As the trial court noted at the first sentencing hearing, the serious and violent nature of the crime, the impact upon the victim and the risk that a person who committed such a crime who cannot or will not even acknowledge responsibility long after the criminal proceedings had ended, presented a picture of a dangerous sexual offender who could not even begin treatment designed to lessen his risk if released.

Against this backdrop, defendant argued that his sentence should be reduced because: he did not commit the crimes for which he was convicted and sentenced; his character witnesses testified to his peaceful character; he has no prior criminal record; and he has been a model prisoner since sentencing.

The court found that the fact that defendant maintained his innocence after trial, sentencing and an unsuccessful appeal did not provide support for reducing his sentence. The peaceful character testified to by his witnesses, given the jury's verdicts, was similarly insufficient to warrant reconsideration of his sentence. Defendant's lack of prior criminal record

had been considered at the original sentencing hearing and did not lead to a conclusion, given all of the circumstances, that the minimum sentence should be less than ten years and did not now lead the court to reconsider that decision. Finally, the court explained that defendant's behavior since sentencing was inappropriate for the court to consider. See State v. Platt, 158 Vt. 423, 430 (1992) (stating that post-sentence behavior is "irrelevant in a sentence reconsideration proceeding"). The court thus denied the motion for reconsideration. This appeal followed.

Defendant first argues that the AJ erred in denying his motion to recuse. He disputes the court's characterization about the timing of his motion. Defendant asserts that he did not know until after his sentence was imposed that the trial judge's impartiality might reasonably be questioned due to personal bias or prejudice. He maintains that the fact that the court imposed a sentence of ten years to life shows that the JCB complaint he filed adversely affected the result.

We find no error in the court's denial of defendant's motion to recuse the trial judge. See Putnam, 164 Vt. at 561 (recognizing that administrative judge has discretion in deciding disqualification issues, and Court reviews for "abuse of discretion, that is, if the record reveals no reasonable basis for the decision" (citation omitted)). Regardless of any inferences that can be drawn from the timing of the motion, defendant simply failed to identify any concrete evidence to overcome the "presumption of honesty and integrity" that we accord to the trial judge. Id. As stated above, a party "must make a clear and affirmative showing of bias or prejudice," and the mere fact that a JCB complaint was filed and that defendant disagrees with the sentence he received does not suffice. Ball, 161 Vt. at 40.

Defendant next asserts that the court erred in denying his motion to reduce his sentence. Defendant argues that the court unreasonably faulted him for testifying at trial by stating that he perjured himself. Defendant also complains that he was unreasonably faulted for failing to speak at sentencing and at the sentence reconsideration hearing, and refusing to take responsibility for crimes that he had always denied committing. According to defendant, the trial court was unwilling to recognize the mitigating factors he identified.

As defendant acknowledges, the trial court has discretion in ruling on a motion for sentence reconsideration, and defendant "must demonstrate either that the court withheld its discretion or exercised it on grounds clearly untenable or to an extent clearly unreasonable." State v. Rice, 148 Vt. 313, 315 (1987). Defendant fails to make such showing here. The purpose of sentence reconsideration is "to allow a second look at the sentencing decision absent the heat of trial pressures and in calm reflection to determine that it is correct, fair, and serves the ends of justice." State v. Dean, 148 Vt. 510, 513 (1987) (quotation omitted). The trial court explained why it had imposed its original sentence, and why it declined to modify that sentence. As set forth above, defendant committed a violent sexual assault against an intimate partner. The crime had a significant impact upon the victim. Defendant refused to take responsibility for the crime, and thus remained a dangerous sexual offender who could not even begin treatment designed to lessen his risk if released. The court could properly consider whether defendant lied during trial, and also consider his subsequent refusal to take responsibility for his actions. See, e.g., State v. Sims, 158 Vt. 173, 188-89 (1991) ("A defendant's acceptance of responsibility for the offense, and a sincere demonstration of remorse, are proper considerations in sentencing."); State v. Noyes, 157 Vt. 114, 119 (1991) (holding that, in fashioning sentence, trial court can consider defendant's "testimony and demeanor at trial" and defendant's truthfulness or mendacity while testifying at trial is "probative of his attitudes toward society and prospects for rehabilitation and hence [is] relevant to sentencing" (quotation omitted)). Indeed, we specifically stated in Sims

that acceptance of responsibility and demonstration of remorse are "important steps toward rehabilitation," and where present, a reduction in sentence can be appropriate. 158 Vt. at 188. "Likewise, denying this reduction, where there are no acknowledgements, can be appropriate and does not penalize a defendant's privilege against self-incrimination." Id. As we recognized in Sims, a sexual offender who is unwilling to acknowledge any responsibility for his crime cannot successfully be treated, and will still pose a threat to society. Id. We note, moreover, that defendant here was also provided with Begins-type immunity and he still refused to accept responsibility for his crimes. Finally, the trial court did not ignore the mitigating factors that defendant identified. It simply found them insufficient to overcome the other factors that warranted the sentence that the court imposed. Defendant wars with the trial court's exercise of its discretion, but he fails to show any error. See, e.g., Meyncke v. Meyncke, 2009 VT 84, ¶ 15, 186 Vt. 571 (explaining that arguments which amount to nothing more than a disagreement with court's reasoning and conclusion do not make out a case for an abuse of discretion).

      Affirmed.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
Beth Robinson, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice