NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2016 VT 62

No. 2015-386

| | |
|---|---|
| Charles Chandler | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Windham Unit, |
| | Civil Division |
| | |
| State of Vermont | March Term, 2016 |

Mary Miles Teachout, J.

Charles Chandler, Pro Se, Newfane, Petitioner-Appellant.

William H. Sorrell, Attorney General, and Katherine Amestoy Martin, Assistant Attorney General, Montpelier, for Respondent-Appellee.


PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.


¶ 1. **DOOLEY, J.** Plaintiff appeals from a dismissal of a "Petition for Extraordinary Relief" under Vermont Rule of Civil Procedure 75 and Vermont Rule of Appellate Procedure 21. Plaintiff argues that the trial court erred in construing and dismissing his pleading as a successive petition for post-conviction relief (PCR) that raises claims decided on the merits in an earlier PCR proceeding under 13 V.S.A. § 7134. He argues that the bar on successive applications does not apply to his extraordinary relief petition and, in any event, his petition is not a successive application because his claims regarding his unlawful conviction, particularly those alleging he has endured "severe collateral consequences" as a result of the conviction, have never been heard on the merits. We conclude that, despite plaintiff's characterization of his petition as a pleading

pursuant to Rule 75 and Rule 21, the trial court correctly recognized it as a successive PCR action and we affirm the dismissal.

¶ 2.     This is the fourth time that appeals related to plaintiff's conviction have reached this Court. In 2009, plaintiff was convicted of a felony, impeding a public officer, see 13 V.S.A. § 3001, stemming from an incident where he confronted firefighters responding to a reported brush fire on his property. We affirmed this conviction in January 2011. State v. Chandler, No. 2010-135, 2011 WL 4974829 (Vt. Jan. 27, 2011) (unpub. mem.), https://www.vermontjudiciary.org/LC/unpublishedeo.aspx. In March 2011, plaintiff filed a PCR petition seeking relief from his 2009 conviction on ineffective-assistance-of-counsel grounds. Specifically, plaintiff alleged that his trial counsel failed to effectively represent him in the criminal case because of a fee dispute and made prejudicial omissions or errors, including failing to object to the State's information, the jury instructions, and the prosecution's closing statement and declined to present exculpatory evidence. As a result, plaintiff alleged that his conviction was unlawfully obtained. The trial court initially dismissed plaintiff's petition on the ground that it was moot because he was no longer in custody under sentence. We reversed that decision, holding that the case was not moot, and remanded for consideration of the merits. In re Chandler, 2013 VT 10, ¶ 24, 193 Vt. 246, 67 A.3d 261.

¶ 3.     On remand, following oral argument, the trial court granted the State's motion for summary judgment, concluding that expert testimony—which plaintiff failed to provide—was necessary to support all but one of his claims of ineffective assistance of counsel and that plaintiff could not show that the remaining claim—based on bias of counsel—affected the outcome of his trial. We affirmed this decision. Chandler v. State, No. 2014-375, 2015 WL 2383669 (Vt. May 14, 2015) (unpub. mem.), https://www.vermontjudiciary.org/LC/unpublishedeo.aspx.

¶ 4.    Plaintiff filed the present "Petition for Extraordinary Relief" under Rule 21 and Rule 75 on May 27, 2015.  Plaintiff avers his petition "is not a post conviction review of the ineffective assistance of counsel"; instead, he seeks relief for "specific unlawful acts and omission by the [plaintiff's] former attorney . . .  which violated the [plaintiff's] constitutional rights . . . and the subsequent collateral consequences that the [plaintiff] must endure as a result of those unlawful acts and omissions."  The State moved to dismiss, arguing that despite the name, the petition was, in substance, a successive PCR raising the same issues as plaintiff's first PCR, and was therefore barred by 13 V.S.A. § 7134.  The trial court granted this motion on September 30, 2015.  This appeal followed.

¶ 5.    While the petition was pending, plaintiff also filed a motion to disqualify the presiding trial judge stating he had been made aware of "certain statements and acts" she had "promised to commit" and accordingly, had listed her as a witness in three of his pending cases. The chief superior judge denied this motion, concluding plaintiff had proffered "no evidence" to support his claim of bias or prejudice on the part of the trial judge.

¶ 6.    Plaintiff appears to raise six issues[1] on appeal.  Of these, four relate to the merits of his ineffective-assistance-of-counsel claim, one challenges the trial court's characterization and dismissal of his motion as a subsequent PCR petition, and one avers the trial court ignored the collateral consequences of his felony conviction, which were never addressed on their merits. The State argues on appeal that the trial court correctly construed plaintiff's "Petition for

_____

[1]  They are as follows: (1) Did plaintiff's attorneys in his underlying criminal trial commit acts that violated plaintiff's constitutional rights? (2) Was there a reasonable probability that another lawyer could have produced a different outcome in the criminal case had they not deliberately acted to lose the case, as plaintiff's attorneys allegedly did? (3) Can a judge dismiss a petition for extraordinary relief under Rule 21 or a review of governmental action under Rule 75 simply by referring to it as a PCR petition? (4) Can a trial judge simply ignore the contents of a complaint and claim it is not sufficiently specific when plaintiff specifically indicates his rights were violated under the Sixth and Fourteenth amendment of the U.S. Constitution and Chapter 1, Article 10 of the Vermont Constitution? (5) Was defense counsel's decision to proceed to trial without a file containing exculpatory evidence a serious enough error to deprive plaintiff of a fair trial? and (6) Can a trial judge ignore the collateral consequences of plaintiff's felony conviction, which were never addressed on their merits?

Extraordinary Relief" as a PCR and that plaintiff is barred from relitigating the same ineffective-assistance-of-counsel claims raised and decided in his first PCR; that to the extent plaintiff raises new claims, they are barred by 13 V.S.A. § 7134 as an abuse of the writ[2]; and that the chief judge did not abuse his discretion when he denied plaintiff's motion to disqualify the presiding trial judge. We agree with the State and affirm the trial court's dismissal of plaintiff's petition and denial of his motion to disqualify the trial judge.

¶ 7. Plaintiff's complaint in this case sought to vacate his felony conviction "because of the highly unusual circumstances that occurred during trial." As detailed in the complaint the "highly unusual circumstances" all involved the action or inaction of his lawyer before and during the trial. Plaintiff recognized that he had formerly labeled these same actions and inactions as ineffective assistance of counsel in his earlier PCR[3] so he labeled them in this case as breaches of the ethical responsibilities of the lawyer that led to his conviction. The trial court ruled in essence that, however labeled, the alleged actions and inactions of the lawyer were the same and could not be the basis for a new action because of the bar in 13 V.S.A. § 7134.

¶ 8. 13 V.S.A. § 7134 provides: "The court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner." The "motion" is the statutory term for a PCR challenging a criminal sentence on the ground that it was imposed in

---

[2] The State urges us to specify the standard of review for abuse of the writ cases and to choose an abuse of discretion standard. We are deciding this case solely on § 7134, which, as discussed in the text, bars relitigation of claims actually raised and decided on the merits in an earlier PCR. It matters little, if any, what standard of review is used in such a case. As set out in In re Laws, 2007 VT 54, 182 Vt. 66, 918 A.2d 1210, plaintiff may be precluded from raising claims that could have been raised in an earlier PCR, even though they were not decided. These circumstances go beyond the narrow application of § 7134, and in such cases, the standard of review may be important and decisive. Since this is not such a case, we do not address the standard of review.

[3] Plaintiff argues that "[a]dditional facts regarding [plaintiff's] counsel's ineffectiveness that were first raised in [plaintiff's] motion for summary judgment" were not considered in his first PCR proceeding. He has not, however, specified what those facts are in either his brief to this Court or in the petition itself. Nor has he explained how these facts are different such that no expert witness would be needed to show that the lawyer's conduct fell below the constitutional standard. Accordingly, we do not consider this argument.

4

violation of the constitution of the United States or the State of Vermont or other grounds not applicable here. See id. § 7131. Section 7134 bars relitigation of claims actually raised and decided on the merits in an earlier PCR. In re Towne, 2007 VT 80, ¶ 5, 182 Vt. 614, 938 A.2d 1205 (mem.); In re Laws, 2007 VT 54, ¶ 11.

¶ 9. Plaintiff's first claim on appeal is that § 7134 does not apply because this action is not a PCR, but instead an independent action under Rule 21 and Rule 75, and plaintiff is not alleging ineffective assistance of counsel. We conclude that despite plaintiff's labeling, his motion was effectively a PCR petition and was properly dismissed by the trial court.

¶ 10. We essentially decided this case in In re Towne, 2007 VT 80. In that case, an incarcerated plaintiff filed a "Motion for Appropriate Relief, Pursuant to any Available Remedy, Including V.R.A.P. 21". Id. ¶ 2. The trial court denied the motion under § 7134, holding that the issues raised by the plaintiff were raised in "both his direct appeal" and his "many post-conviction petitions." Id. ¶ 3.

¶ 11. We affirmed. We concluded that the plaintiff's claims "[did] not clearly differ in substance from those already raised and ruled upon in [the plaintiff's] many prior petitions." Id. ¶ 6. We rejected the plaintiff's argument that the trial court erred in construing the motion as a PCR petition rather than a motion for extraordinary relief under Rule 21; in particular, we noted that "apart from its title," the motion "did not address Rule 21 in any way," but instead "return[ed] quickly to [the] familiar ground" of the PCR petitions. Id. ¶ 7.

¶ 12. The instant case is substantially similar to Towne. As in Towne, plaintiff's motion references the requirements of Rule 75 and Rule 21 only in its title, a fact that is unsurprising given the rules' irrelevancy to his petition. Rule 21(a)(2) permits parties to present a complaint to this Court where "there is no adequate remedy under these rules or by appeal, or through proceedings for extraordinary relief in the superior court." Plaintiff has not "engage[d] Rule 21" by explicitly or implicitly demonstrating that he has no remedy in either the appellate

5

or trial courts. In re Towne, 2007 VT 80, ¶ 7. Indeed, in his motion, he notes that he is "unable" to "refile his petition for post-conviction relief"—acknowledging that claims regarding the "unlawful acts and omissions" by his former attorney "normally . . . would be reviewed in a PCR"—because the original petition was dismissed with prejudice. See State v. Russo, 2004 VT 103, ¶ 27, 177 Vt. 394, 864 A.2d 655 (concluding that ineffective assistance of counsel claims must be raised in PCR petition, not on direct appeal). By plaintiff's own admission then, he is "without adequate law to have his grievances heard" simply because of his exhaustion of available remedies under § 7134, rather than because no remedy was provided by law. Rule 75(a) permits review of "any action or failure or refusal to act by an agency of the state or a political subdivision thereof" provided "such review is otherwise available by law." Plaintiff has identified no governmental action for review. Moreover, judicial review under Rule 75 is appropriate only "when legislation is silent on the mode of review." Moran v. Vt. State Ret. Bd., 2015 VT 119, ¶ 12, __ Vt. __, 131 A.3d 212 (alteration and citation omitted). Here, the Legislature has spoken clearly in crafting a mechanism under § 7131 for individuals to collaterally attack their convictions.

¶ 13. Plaintiff is seeking the exact same remedy that he sought in the PCR action: overturning of his conviction. Because he alleges the conviction was obtained by unconstitutional means, he must allege and prove his counsel rendered ineffective assistance in order to make out a constitutional case. The fact that a counsel's conduct was unethical does not alone entitle a petitioner to the relief of setting aside a conviction, even if such relief was available outside of a PCR case. Nor by a new label can he avoid the requirement that he show by expert testimony that counsel's assistance fell below the constitutional standard. We therefore concur with the trial court that plaintiff's "Petition for Extraordinary Relief" was properly treated as a PCR under § 7131.

¶ 14. Plaintiff also argues that the summary judgment decision that resolved his PCR case was not a decision on the merits and cannot preclude this action. We disagree. See Mitchell v. NBC, 553 F.2d 265, 271 (2d Cir. 1977) (citing Hubicki v. ACF Indus., Inc., 484 F.2d 519, 524 (3d Cir. 1973) (stating "summary judgment is a final decision on the merits")). Plaintiff had the evidentiary burden in the PCR proceeding to prove that his lawyer's representation provided ineffective assistance under the constitutional standard. He failed to show that he had the evidence that could meet his burden of proof.

¶ 15. Finally, he argues that he was unable in the PCR proceeding to show the severe collateral consequences that arise from his conviction. The collateral consequences are irrelevant to the grounds for the PCR decision in this case. The trial court would have granted summary judgment to the State in the PCR whether or not plaintiff itemized all the collateral consequences of his conviction.

¶ 16. We turn then to plaintiff's motion to disqualify the trial judge.[4] Plaintiff argues that in March 2015, he "discovered information" from his defense attorneys pertaining to "certain statements and acts" the judge promised to commit; he also called the judge as a witness "in at least three of [his] docketed cases" on the basis of these alleged statements. Plaintiff asserts the judge should be disqualified because it would be a "conflict of interest" to have a judge preside over a case where "evidence was being taken about her statements" and where parties had "question[ed] [her] integrity." We disagree and affirm the chief trial judge's denial of plaintiff's motion.

¶ 17. Judges are "accorded a presumption of honesty and integrity, with [the] burden on the moving party to show otherwise in the circumstances of the case." Ball v. Melsur Corp., 161 Vt. 35, 39, 633 A.2d 705, 709 (1993) (quotations omitted). "To maintain a colorable claim of

---

[4] Although this motion to disqualify is not specifically referenced in plaintiff's brief to this Court or his printed case, we briefly address it here so as to foreclose the possibility of future appeals on this issue.

judicial disqualification, the moving party must affirmatively and clearly show bias or prejudice directed against him." State v. Carter, 154 Vt. 646, 647, 577 A.2d 280, 281 (1990) (mem.). We will not overturn a disqualification decision absent an abuse of discretion. Ball, 161 Vt. at 40, 633 A.2d at 710.

¶ 18. We find no abuse of discretion here. By his own admission, plaintiff "has no way of confirming or defending the allegations" made against the judge. Plaintiff has also made no showing of any prejudice suffered from the judge's handling of his case. See State v. Beshaw, 134 Vt. 347, 350-51, 359 A.2d 654, 656 (1976) (concluding that in questions of disqualification or recusal, "it must appear that it is the judge who is prejudiced against the party and not that it is the party who is prejudiced against the judge" (quotation omitted)). Additionally, as the chief trial judge noted, the fact that plaintiff may have listed the judge as a witness in one or more suits is of no moment—if merely listing a judge as a potential witness was grounds for disqualification, "it would be an expedient means to disqualify all judges and essentially bring judicial proceedings to a halt." Therefore, because the "innuendo and unsubstantiated suspicion" of plaintiff's motion is insufficient to overcome the presumption of honesty and integrity we accord to judges, we affirm the denial of plaintiff's motion for disqualification. Carter, 154 Vt. at 647, 577 A.2d at 281.

Affirmed.

FOR THE COURT:

_____

Associate Justice

8