VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     23-AP-131

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

NOVEMBER TERM,   2023

Jennifer Knapp (Dasler) v. Timothy Dasler*   }   APPEALED FROM:
                                              }   Superior Court, Windsor Unit,
                                              }   Family Division
                                              }   CASE NO. 74-6-17 Oedm
                                                  Trial Judge: Heather J. Gray

In the above-entitled cause, the Clerk will enter:

In this appeal, father challenges the court's clarification of the holiday and vacation provisions in its final parent-child contact order and argues that the chief superior judge erred in denying his motion to disqualify the trial judge. We affirm.

The parties divorced in 2018 and have one minor child. The divorce order granted mother sole legal rights and responsibilities and gave each parent approximately equal contact time. The parent-child contact portion of the order contained detailed provisions governing visitation during holidays and school vacations. Relevant to this appeal, the order stated with regard to Easter that "[father] shall have even numbered [sic] from Sunday at 9:00 a.m. through Sunday at 5:00 p.m. in even number years; [mother] at the same times in odd numbered years." It provided that "[mother] shall have April break in even years and [father] shall have April break in odd years." It also stated that "[t]he parent exercising parenting time on a weekend before a Monday Federal holiday shall have extended parenting time until the start of daycare/school (or 9:00 a.m. if there is no daycare/school) on Tuesday."

In March 2023, father filed a motion to clarify which parent would have contact on Easter that year because the holiday coincided with the April school break, when he was scheduled to have the child in his care. He argued that the court should clarify the order to state that when visitation provisions conflicted, school vacation visitation took precedence over holiday visitation, holiday visitation took precedence over three-day weekends or routine visitation, and three-day weekends only took precedence over routine visitation.

Simultaneously, father filed a motion to disqualify the trial judge on the grounds that she was biased against him and that he had filed a judicial conduct complaint against her. The trial judge referred the motion to the chief superior judge, who denied it. Father filed a motion to reconsider, which the chief superior judge denied.

Meanwhile, mother opposed father's motion to clarify, arguing that in 2022, the child was in mother's care during April school break and she had relinquished the child to father on Easter for his holiday time. She attached an email reflecting this arrangement. She argued that the parties should do the same in 2023. Father argued that the court should disregard the email because it was not authenticated. He asserted that mother had simply waived her vacation time in 2022 and that this informal arrangement should not control in future years.

The court issued an order explaining that all provisions in the final order for holiday and vacation parenting time took precedence over the routine contact schedule, but neither the holiday nor vacation provisions took precedence over each other. The court noted that Easter had fallen during the April break in 2022 and ordered the parties to follow the pattern they established that year. Father filed a motion to reconsider and asked the court to indicate what the parties should do for the July 4 holiday. The court denied the motion to reconsider. The court explained that the parent-child contact order had a specific provision relating to July 4 and stated that it was to be followed instead of the routine schedule. This appeal followed.

Father argues that the court misinterpreted the parent-child contact provisions in the final divorce order. We interpret final divorce decrees "according to contract principles." Meyncke v. Meyncke, 2013 VT 82, ¶ 12, 194 Vt. 556 (citing Sumner v. Sumner, 2004 VT 45, ¶ 9, 176 Vt. 452). "Where the language of the decree is unambiguous, we apply it according to its terms." Sumner, 2004 VT 45, ¶ 9 (citation omitted). The court's clarification of the holiday and vacation provisions in the final divorce order is consistent with the plain language of the order. The holiday and vacation provisions take precedence over the routine visitation provisions because they are more specific. See Fairchild Square Co. v. Green Mountain Bagel Bakery, Inc., 163 Vt. 433, 439 (1995) ("As a matter of contract construction, the specific controls the general."). The language of the order does not address what is to happen when the Easter holiday falls during a vacation. The court therefore acted within its discretion to clarify the order to address this situation. See Patnode v. Urette, 2014 VT 46, ¶ 13, 196 Vt. 416 ("When a conflict arises from the terms of an order, and the family division is asked by a party to clarify its intent for how those terms should operate, an addendum which does not alter the terms is not necessarily a modification but rather a clarification of the original order."). Its decision ordering the parties to proceed as they had in the past was reasonable and we see no reason to disturb it.

Father claims that the court erred in considering the email exhibit filed by mother in opposition to his motion to clarify because it was unauthenticated. Even if the court erred in considering the exhibit, father fails to explain how this error caused prejudice. He does not deny that Easter fell during the child's April vacation in 2022, or that the child spent the April break with mother except for Easter, when she was with him. Accordingly, we decline to reverse the court's order on this basis. See In re B.S., 163 Vt. 445, 454 (1995) (explaining that erroneous admission of evidence is grounds for reversal only if it resulted in prejudice).

We turn to father's claim that the chief superior judge erred in denying his motion to disqualify the trial judge. "We review the [chief superior] judge's decision on a motion to disqualify only for abuse of discretion, looking to determine 'if the record reveals no reasonable basis for the decision.'" State v. Putnam, 164 Vt. 558, 564 (1996) (quoting Ball v. Melsur Corp., 161 Vt. 35, 40 (1993)).

In his motion to disqualify the trial judge, father argued that the judge was biased against him and that he had filed a judicial conduct complaint against her. He attached the complaint, which asserted that the trial judge had erroneously extended the time for him to respond to her

decision denying his motion to modify parental rights and responsibilities, causing his subsequent notice of appeal to be untimely and depriving him of the right to appellate review of that decision. He further asserted that the judge had improperly refused to grant additional hearing time on his motion to modify parental rights and responsibilities; failed to enforce a subpoena issued by a previous judge; allowed the lawyer representing his daughter's therapist to object to plaintiff's questioning during a hearing; prevented him from questioning the therapist about her own biases and treatment of the child; and unfairly threatened to sanction him for filing frivolous motions.

The chief superior judge examined the various rulings and errors cited by father and concluded that they did not demonstrate that the trial judge was biased against him. Further, the fact that father had filed a judicial conduct complaint did not warrant disqualification. The court therefore denied the motion.

We conclude that the chief superior judge acted within his discretion in denying father's motion. As a threshold matter, recusal is not automatically required when a judge is the subject of a judicial conduct complaint. Ball, 161 Vt. at 39. "Otherwise, [a party] would need only file a complaint, possibly groundless, to avoid a particular judge thereafter." Id. Such a rule could also discourage a party from filing a legitimate complaint because it would bar later appearances before that judge. Id. For these reasons, and because Vermont Rule of Civil Procedure 40 provides for referral of a disqualification motion to a disinterested judge, we have declined to apply a per se recusal rule when the judge is the subject of a judicial conduct complaint. Id.

Father recites a long list of alleged errors and unfavorable rulings by the trial judge that, he claims, require the judge to be disqualified. The standard for disqualification is whether the judge's "impartiality might reasonably be questioned," and in considering that question the judge is "accorded a presumption of honesty and integrity." Id. (quotation omitted). "In order to maintain a colorable claim of judicial disqualification against the presiding judge, defendant must affirmatively show bias or prejudice directed against him." Cliche v. Fair, 145 Vt. 258, 261-62 (1984) (quotation omitted).

While father argues that the trial judge consistently ruled against him, he fails to demonstrate how any of the rulings expressly or implicitly indicated a personal bias. We agree the judge erred in extending the time for father to file a motion to alter or amend the September 2022 order denying his request to modify parental rights and responsibilities, but there is no indication that the error was made in bad faith. Rather, the judge was attempting to grant father the relief that he requested, which was more time to respond to the order. As the Code of Judicial Conduct explains, "[w]hen applying and interpreting the law, a judge sometimes may make good-faith errors of fact or law. Errors of this kind do not violate" the rule requiring judicial impartiality. Vt. Code of Jud. Conduct Rule 2.2, cmt. [3]; Gallipo v. City of Rutland, 163 Vt. 83, 96 (1994). The other alleged errors—the trial judge's conduct of the modification hearing, her denial of father's request to reopen the evidence, and her alleged failure to enforce or renew a subpoena—do not necessarily evince bias or partiality. "As we have stated on more than one occasion, it is not enough merely to show the existence of adverse rulings, no matter how erroneous or numerous, or that the judge expressed a comment or opinion, uttered in the course of judicial duty, based upon evidence in the case." Gallipo, 163 Vt. at 96.

Furthermore, the trial judge's discussion of potential sanctions in its November 2022 order does not demonstrate bias or prejudice directed at father. The judge explained that since March 2020, father had moved to reconsider nearly every substantive order the court had

issued—by her and previous judges assigned to the case—and listed twelve such motions filed by defendant. The judge noted that the court had denied all but one of these motions, in several instances because father had failed to raise any new argument or fact that had not already been raised or litigated. The judge compared defendant's behavior to that of the defendant in Fox v. Fox, 2022 VT 27, 216 Vt. 460, against whom this Court upheld the trial court's imposition of a prefiling injunction after he repeatedly filed vexatious, harassing, and duplicative motions with no support in fact or law that appeared to be motivated by a desire to harass his ex-spouse. Here, the judge noted that mother had not yet sought such a sanction against father, and it did not impose any sanctions against him.

As we explained in Knapp (Dasler) v. Knapp, No. 22-AP-331, 2023 WL 6786081 (Vt. Oct. 13, 2023) (unpub. mem.) [https://perma.cc/36GJ-HYA9], this discussion does not evidence bias. "The court was simply warning [father] that his pattern of repeatedly seeking reconsideration of every ruling without offering any new factual or legal justification could potentially lead to sanctions under Vermont Rule of Civil Procedure 11. The court did not actually impose any sanction against him." Id. *4. The chief superior judge therefore did not abuse his discretion in denying father's motion to disqualify the trial judge.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Nancy J. Waples, Associate Justice