VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     25-AP-289



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

FEBRUARY TERM,   2026

State of Vermont v. Christopher Marchese\*  }    APPEALED FROM:
                                             }    Superior Court, Bennington Unit,
                                             }    Criminal Division
                                             }    CASE NO. 24-CR-04761
                                                  Trial Judge: Jennifer L. Barrett

In the above-entitled cause, the Clerk will enter:

Defendant appeals pro se from his conviction of two counts of criminal threatening against a public servant following a jury trial.  We affirm.

In May 2024, the State charged defendant with the crimes above based on alleged threats he made to a Department for Children and Families (DCF) caseworker who was involved in a juvenile proceeding concerning his child.  Defendant was represented by counsel below.  During the jury draw, two prospective jurors indicated that they knew attorneys involved in the case but stated that they could be fair and impartial.  Defense counsel did not move to strike any juror for cause, although he used a peremptory challenge to excuse one of the jurors who was familiar with the attorneys.  Defense counsel also successfully moved to exclude any mention of defendant's "character or personality" under Vermont Rules of Evidence 401-404 without objection from the State.

On the morning of trial, defendant asked the court about the possibility of a bench trial and requesting a new judge.  While the State was willing to proceed with a bench trial at that point, defendant chose to proceed with a jury trial after consulting with his attorney and engaging in a colloquy with the court.  The court informed defendant that any request to recuse the judge must be in writing, supported by an affidavit.

A one-day jury trial was held in May 2025.  The State presented evidence that on one evening in January 2024, defendant sent the DCF caseworker 142 text messages that included

threats of physical violence and suggestions that he was surveilling her. In April 2024, defendant's wife called the DCF caseworker, and the caseworker could hear defendant yelling in the background; he alluded to attacking the caseworker and her supervisor with a bat.

After the State rested and the court denied defendant's motion for a judgment of acquittal, defendant moved for a bench trial. The State objected on grounds that the jury trial was ongoing. The court denied the motion. Defendant then filed a pro se motion to disqualify the trial judge. His attorney would not sign the motion. The court took a recess and referred the motion to the Chief Superior Judge. The Chief Superior Judge denied the motion. Trial then resumed, and defendant testified on his own behalf. The jury convicted defendant of both charges. This appeal followed.

Defendant appears to argue that his convictions should be reversed because: (1) the State allegedly withheld unspecified evidence; (2) some jurors indicated, during voir dire, that they knew the prosecutor and/or defendant's attorney; (3) he received ineffective assistance of counsel; (4) the court should have granted his request for a bench trial; (5) the court should have recused itself; and (6) the court erred in admitting unspecified evidence of defendant's other acts.

We reject these arguments. First, defendant does not identify any specific evidence he alleges was improperly withheld or admitted. These claims of error are inadequately briefed, and we do not address them. See State v. Brillon, 2010 VT 25, ¶¶ 5-7, 187 Vt. 444 (explaining that Court will not address "inadequately briefed" claims). Defendant did not preserve his argument regarding any challenges to jurors, and he does not claim plain error. See State v. Bruno, 2012 VT 79, ¶ 33, 192 Vt. 515 (stating that "[p]arties may raise for-cause challenges to prospective jurors any time before the jury is impaneled," and party waives "right to challenge a juror . . . by a failure to object before the jury is impaneled if the basis for the objection is known or might, with reasonable diligence, have been discovered during voir dire" (quotation omitted)). Defendant's claim of ineffective assistance of counsel cannot be raised in a direct appeal. State v. Orost, 2025 VT 15, ¶ 3 n.1 (explaining that ineffective-assistance claim "may not be presented in a direct appeal"); see also State v. Lund, 168 Vt. 102, 105 (1998) (explaining that claim for ineffective assistance of counsel "must be raised, if at all, in the context of a petition for post-conviction relief"). Defendant's vague suggestions of the trial court's bias and prejudice lack any support in the record, and he identifies no argument to undermine the rejection of his recusal motion. See Ball v. Melsur Corp., 161 Vt. 35, 39-40, 45 (1993) (explaining that judges are afforded "presumption of honesty and integrity," "party seeking a trial judge's recusal must make a clear and affirmative showing of bias or prejudice," and "contrary rulings alone, no matter how numerous or erroneous, do not suffice to show prejudice or bias" (quotation omitted)), abrogated on other grounds by Demag v. Better Power Equip., Inc., 2014 VT 78, 197 Vt. 176. Finally, the court did not err in denying defendant's request for a bench trial. The request was made after the State rested its case, and the State did not consent to the request. See V.R.Cr.P. 23(a) (providing that "defendant may in a signed writing or in open court, with the consent of the prosecuting attorney and the court entered of record, waive a jury trial in offenses not punishable by death" (emphasis added)); see also Vt. Const. ch. I, art. 10 (requiring "consent of the prosecuting officer" before defendant may waive right to jury trial "in criminal

2

prosecutions for offenses not punishable by death"). We have considered all the arguments discernable in defendant's brief and reject them as without merit.

Affirmed.

BY THE COURT:

 

_____
Paul L. Reiber, Chief Justice

 

_____
Harold E. Eaton, Jr., Associate Justice

 

_____
Nancy J. Waples, Associate Justice