## State of Vermont v. Sue Ann Lambert

[487 A.2d 172]

No. 84-538

Present: Hill, J.

Opinion Filed January 2, 1985

*Helen V. Torino,* Franklin County State's Attorney, St. Albans, for Plaintiff-Appellee.

*Daniel Albert,* Public Defender, St. Albans, for Defendant-Appellant.

**Hill, J.** Defendant, Sue Ann Lambert, pleaded not guilty to a charge of second degree murder. At the State's request, the district court denied the defendant bail. Following a hearing on a Motion for Review of Bail, the district court affirmed its prior order. Defendant appeals from this ruling. The district court's order is reversed, and this case is remanded for further proceedings on the issue of bail.

In denying bail to the defendant, the district court relied solely on a recent amendment to the Vermont Constitution, which states:

> Excessive bail shall not be exacted for bailable offenses. All persons, unless sentenced, or unless committed for offenses punishable by death or life imprisonment when the evidence of guilt is great, shall be bailable by sufficient sureties. Persons committed for offenses punishable by death or life imprisonment, when the evidence of guilt is great, shall not be bailable as a matter of right. No person shall be imprisoned for debt.

Vt. Const. ch. II, § 40 (April 13, 1982) (hereinafter referred to as the Amendment).

The district court found that the defendant was charged with second degree murder, which offense carries a maximum penalty of life imprisonment. The court further found that

the evidence of guilt was great. Based on these findings, the court determined that the defendant was not bailable as a matter of right. Relying solely on the Constitutional Amendment, the court, in the exercise of its perceived discretion, then denied the defendant bail.

13 V.S.A. ch. 229 embodies statutory provisions for bail and recognizances. 13 V.S.A. § 7554 (hereinafter referred to as the Statute) provides for the release, prior to trial, of persons charged with noncapital offenses. The Statute states in pertinent part:

> (a) Any person charged with an offense other than an offense punishable by death, shall at his appearance before a judicial officer be ordered released pending trial on his personal recognizance or upon the execution of an unsecured appearance bond in an amount specified by the judicial officer, unless the officer determines in the exercise of his discretion that such a release will not reasonably assure the appearance of the person as required, or that the release of the person will constitute a danger to the public.

Because the defendant is not charged with an offense punishable by death, under the Statute, she may be entitled to bail. The issue presented is whether the Statute conflicts with the Amendment in such a way that the Amendment impliedly repealed the Statute and forecloses the defendant from claiming any right to bail.

The State argues that the Statute must be read as if amended or repealed in part, by the Constitutional Amendment. To find otherwise, it argues, would subvert the Amendment's purpose. This Court disagrees. The Vermont Constitution is "not a grant of power to the Legislature, but it is a limitation of its general powers." *Rafus* v. *Daley*, 103 Vt. 426, 432, 154 A. 695, 697 (1931). Thus, constitutional provisions prohibit action by the Legislature beyond the limitations imposed, but do not affect statutes whose terms come within those limitations. *Id.* at 433, 154 A. at 697. Unless the terms of a statute exceed constitutional limits, the statute is valid. See, e.g., *McFeeters* v. *Parker*, 113 Vt. 139, 143, 30 A.2d 300, 303 (1943); *Rafus* v. *Daley, supra,* 103 Vt. at 433, 154 A. at 697;

*Thorpe* v. *Rutland & Burlington Railroad,* 27 Vt. 140, 143 (1855). The Statute in question neither exceeds any constitutional limitations nor infringes on any constitutional rights. It is therefore valid, and its terms consonant with the Vermont Constitution.

Since the court, in denying the defendant bail, considered only the Constitutional Amendment, and failed to consider the applicable statutory provisions, the defendant is entitled to a new hearing on bail to determine her eligibility for bail under the terms of 13 V.S.A. § 7554.

*Reversed and remanded for a new bail hearing.*