**Robert W. LaRose v. Superintendent, Woodstock Correctional Center; A. James Walton, Commissioner, Vermont Department of Corrections; Pamela Rapone, Chairperson, Vermont Board of Parole**

[497 A.2d 30]

No. 84-003

Present: **Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed May 31, 1985

*Frederick J. Glover*, Ludlow, for Plaintiff-Appellant.

*John J. Easton, Jr.*, Attorney General, Montpelier, *David T. Suntag*, Assistant Attorney General, and *Craig Benson*, Law Clerk (On the Brief), Waterbury, for Defendants-Appellees.

**Peck, J.** This is an appeal by Robert W. LaRose (petitioner) from an order of the Windsor Superior Court denying his petition for a writ of habeas corpus challenging the revocation of his parole by the Vermont Parole Board. Petitioner claims the findings of the court below are inadequate as a matter of law. We agree with petitioner; accordingly we reverse the order and remand for further findings.

Petitioner is serving a sentence of five to fifteen years, imposed on February 4, 1980, for the crime of sexual assault. More than two years after sentencing he was released on parole, subject to ten conditions, including a prohibition (1) against the possession, use, or handling of firearms or deadly weapons, (2) against the commission of a crime punishable by law, and (3) a requirement that he "lead an orderly and industrious life."

Approximately five months after his release on parole, the Board found that petitioner violated the third condition mentioned above, when he traveled through a Rutland neighborhood on several occasions, approached children, and offered them money if they would get into his car and help him find his dog. Nevertheless, the Board felt he had made "great strides" in his personal life and ordered that his parole be continued, despite the violation of the condition. However, the Board did impose additional conditions to his parole, including the following:

> [You] shall not have contact with any minor who is unaccompanied by an adult other than those who are members of your immediate household unless you receive the prior approval of your parole officer.

On June 7, 1983, petitioner was again arrested, this time for an alleged offense in New Hampshire involving a nine-year-old girl. Another hearing before the Board followed on August 26, 1983. As a result of this hearing, the Board found that petitioner had violated the four conditions of his parole recited above, and revoked his parole.

In September, 1983, petitioner filed his petition for a writ of habeas corpus with the Windsor Superior Court and requested findings of fact. The court complied with his request; the sole issue raised by this appeal is his claim of inadequate findings. Accordingly we limit our review to that single issue.

The appellees argue that the proper scope of review of an administrative body's ruling is limited. Asserting that the superior court was not the trier of fact in the parole revocation hearing, the appellees contend that the court's function was not to conduct a de novo review but rather to review the "contested case" on the record established at the Board level. Appellees misapprehend the nature of petitions for writs of habeas corpus.

■■ A petition for a writ of habeas corpus is not a device to provide appellate review. "It is essentially a civil proceeding brought to test the legality of restraints on the person . . . ." *In re Mears*, 124 Vt. 131, 142, 198 A.2d 27, 34 (1964). The court considering the petition is necessarily a trier of fact and, in this case, must determine what transpired before the Board in order to determine whether the imprisonment is unlawful. 12 V.S.A. § 3952. In performing its function, the superior court considering the habeas corpus petition must, upon request, make adequate findings of fact.

■ In the instant case the court's findings of fact, conclusions of law and order denying the petition for the writ contains the following statement.

> The due process standards for parole violation hearings are clearly defined in *Morrissey* v. *Brewer*, 408 U.S. 471 (1972). The record demonstrates that the Board complied with those requirements.

Although we recognize the propriety of reliance on the standards set forth in *Morrissey* v. *Brewer, supra,* we are unable to determine from the court's brief conclusory statement the facts presented to the Board which demonstrated to the court below that those standards were met.

*Reversed and remanded for the purpose of further findings in accordance with this opinion and a new order.*