# Unnamed Prisoners of the Temporary Waterbury Correctional Facility v. Stephen Maranville, Superintendent of the Temporary Waterbury Correctional Facility, Individually and as Agent of Joseph Patrissi, Commissioner, Department of Corrections

[576 A.2d 132]

No. 90-188

Present: Allen, C.J., Peck, Gibson and Morse, JJ.

Opinion Filed April 27, 1990

*Daniel J. Lynch* of *Lynch & Hadden*, St. Albans, for Plaintiffs-Appellants.

*Edward D. Sutton*, Chittenden County Deputy State's Attorney, Burlington, for Defendants-Appellees.

**Per Curiam.** Petitioners filed for a writ of habeas corpus in superior court seeking release from incarceration following a district court's orders denying them bail. Charged with unlawful trespass arising from abortion protests, petitioners had de-

clined to provide information about their identities in district court. On March 30, 1990, the superior court ordered that petitioners be released on April 4, 1990 unless the district court by that date set forth its reasons for holding them without bail. The superior court stated:

> The District Court should then fashion what it perceives to be sufficient under 13 V.S.A. § 7554 to ensure each defendant's appearance and to protect the public. If there are justifications for holding a particular defendant without bail at this point, the District Court can indicate its reasons. From that point, any defendant so advised may appeal to the Vermont Supreme Court in the normal course of bail review.

The superior court added that after district court review,

> [a]bsent a stated reason by the District Court for being held without bail, any petitioner identified by number in the petition as to whom bail and/or conditions are not set by said time and date, should be released.

The district court thereupon reviewed the status of petitioners and issued a lengthy memorandum of decision on April 3, 1990, concluding that "those persons who have refused to provide reasonable identification" shall continue to be held without bail. Petitioners have appealed the superior court decision, but not the later district court decision, despite authority to do so. 13 V.S.A. § 7556(b); see *State v. Duff*, 151 Vt. 433, 563 A.2d 258 (1989); *State v. Lambert*, 145 Vt. 315, 487 A.2d 172 (1985). At oral argument in this Court, petitioners' counsel stated that no bail appeal was available under law, that is, that 13 V.S.A. § 7556(b) was inapplicable. Counsel did not cite Vermont authority for the proposition that no appeal was available by statute, and we are not aware of any decision so holding. The statute on its face provides for appeal to "a single justice of the supreme court who may hear the matter or at his discretion refer it to the entire supreme court for hearing." 13 V.S.A. § 7556(b).

It should be noted at the outset that the manner in which the remedy has been pursued and dealt with by petitioners does not

comport with our statutes and case law.* Because of our disposition, however, we need not reach the issue of whether the want of "technical nicety" should bar our consideration of the matter altogether. See *In re Rickert*, 124 Vt. 232, 234, 203 A.2d 602, 603 (1964). Given the lengthy and complex procedural history of this matter, we will assume *arguendo* that petitioners met the minimum procedural requirements for bringing a petition for a writ of habeas corpus to the superior court. The superior court granted the petition, though the scope of the relief was narrower than that sought by petitioners. Our first inquiry must be to determine whether petitioners were entitled to habeas corpus relief in the first instance. The record does not support their entitlement to such relief.

█ █ Habeas corpus proceedings are intended to be a quick and summary procedure for relief from illegal imprisonment unimpeded by appeal and review by the state. *In re Fitts*, 124 Vt. 146, 150, 197 A.2d 808, 810 (1964). They are not, however, an additional avenue for appellate review, *LaRose v. Superintendent*, 146 Vt. 22, 24, 497 A.2d 30, 31 (1985), but are "essentially a civil proceeding brought to test the legality of restraints on the person." *In re Mears*, 124 Vt. 131, 142, 198 A.2d 27, 34 (1964).

The superior court made no determination that appeal from the district court to this Court was effectively foreclosed, or that the district court failed to abide by the hearing and review requirements of the bail statute. See 13 V.S.A. §§ 7554(c) and (d), 7556. The United States Supreme Court considered a similar issue in *Stack v. Boyle*, 342 U.S. 1 (1951). In that case, federal defendants for whom bail had been set at $50,000 each sought habeas corpus on grounds that the bail was "excessive"

---

* The documents before this Court fail to demonstrate such compliance. The process by which the petitioners are restrained was not annexed to the complaint as required by 12 V.S.A. § 3954. The petition is deficient in that it fails to provide fair notice of what petitioners' claims are and the grounds upon which they rest. See Reporter's Notes, V.R.C.P. 80.4. The few facts that are set forth in the complaint were not properly verified pursuant to 12 V.S.A. § 3955. The petitioners failed to furnish sufficient information to the judge to permit compliance with the dictates of 12 V.S.A. § 3960, which requires them to be designated by name if known, and allows some other description only when a name is unknown or uncertain—conditions which have not here been claimed.

within the meaning of the Eighth Amendment to the United States Constitution. The federal district court denied their petitions, and the court of appeals affirmed the denial. Noting that under federal law petitioners had a remedy by way of motion in district court to reduce bail, with a right of appeal to the court of appeals, the Supreme Court vacated the lower court orders because the statutory right to appeal rendered habeas corpus unnecessary and therefore unavailable. Speaking for the Court, Chief Justice Vinson said:

> While habeas corpus is an appropriate remedy for one held in custody in violation of the Constitution, the District Court should withhold relief in this collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted.
>
> The Court concludes that bail has not been fixed by proper methods in this case and that petitioners' remedy is by motion to reduce bail, with right of appeal to the Court of Appeals.

*Id.* at 6–7 (citations omitted).

In a separate opinion Justice Jackson stated:

> In view of the nature of the writ of habeas corpus, we should be reluctant to say that under no circumstances would it be appropriate. But that writ will best serve its purpose and be best protected from discrediting abuse if it is reserved for cases in which no other procedure will present the issues to the courts. Its use as a substitute for appeals or as an optional alternative to other remedies is not to be encouraged. Habeas corpus is not, in the absence of extraordinary circumstances, the procedure to test reasonableness of bail.

*Id.* at 10–11. Justice Jackson's words fit the posture of the present matter precisely. We regard the ancient writ with equal homage, and with equal fervor strive to keep it safe from abuse. Since the superior court did not conclude that a bail appeal pursuant to 13 V.S.A. § 7556(b) was unavailable in the particular circumstances of the cases before it, its order was premature. The superior court, without making any preliminary deter-

minations that review in the Supreme Court was not available or effective in the particular circumstances of these cases, simply decided, much as this Court might do on a bail appeal, that "Chapter II, Section 40, of the Vermont Constitution does not permit defendants to be held without bail on charges not punishable by death or life imprisonment." The superior court might properly have considered that issue had it first determined that no appeal lay to this Court in the circumstances of these particular cases, but it made no such preliminary finding.

We hesitate to denominate the superior court order as within the ambit of habeas corpus in the absence of a finding that on the circumstances of the cases before the superior court, there was no available appeal from the district court decision. As for petitioners' claim that they were entitled to immediate release by order of the superior court, we must reject it. As we have stated, habeas corpus cannot be used as a substitute for an appeal. See *In re Dobson*, 125 Vt. 165, 166, 212 A.2d 620, 621 (1965).

◼ Nevertheless, in the interests of justice we conclude that petitioners should not be subjected to further delays, even if past delays were in part due to their own inaction and inappropriate choice of forum. We exercise our authority under V.R.A.P. 2 to treat the present appeal from the superior court order as also having been taken from the April 3, 1990 order of the district court, noting that the labeling of the desired relief sought is less important than its substance. Cf. *Berard v. Moeykens*, 132 Vt. 597, 598–99, 326 A.2d 166, 167 (1974) (habeas corpus petition treated in the interests of justice as one for post-conviction relief). We note that under 13 V.S.A. § 7556(b), "[t]he appeal shall be determined forthwith"; our order accordingly sets forth a timetable for briefs and oral argument.

*Pursuant to V.R.A.P. 2 the present appeal from superior court shall be treated as a perfected appeal from the April 3, 1990 order of the Vermont District Court. The petitioners and the state's attorney are directed to file whatever additional memoranda of law they desire to have considered, together*

*with such portions of the record on appeal they deem necessary for our consideration, not later than May 4, 1990, and the matter shall be set down for hearing on the merits on May 7, 1990 at 9:00 a.m.*