Filed 12/10/25

VERMONT SUPERIOR COURT
Windham Unit
7 Court Street
Newfane VT 05345
802-365-7979
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-03119

---

### Jeffrey Rivard v. Department of Corrections et al

---

## DECISION AND ORDER ON RESPONDENTS' MOTION TO DISMISS

Petitioner Jeffrey Rivard seeks relief in this matter against the State of Vermont and the Department of Corrections. Stated simply, Petitioner's claim is that he has not been provided a prompt probation revocation hearing in a matter pending in the Windham Criminal Division. Respondents move to dismiss asserting a lack of subject matter jurisdiction. The petition is a transparent attempt to circumvent orders of the Criminal Division preventing Petitioner from filing pleadings in a case in which he is represented by counsel. The appropriate forum for Petitioner to obtain the relief he seeks is in the Criminal Division. This matter is DISMISSED pursuant to V.R.C.P. 12(b)(1).

    I.   *State v. Rivard*, No. 1370-11-19 Wmcr[1]

        a.   The conviction and pending probation violation proceedings

> In November 2019, [Petitioner] was charged with one misdemeanor count of domestic assault based on allegations that he threw items at his wife, grabbed her arm and neck, and kicked her, causing her pain. … [A] jury found [Petitioner] guilty of domestic assault. The court subsequently imposed a suspended sentence of six-to-twelve months.

*State v. Rivard*, 2024 WL 2131487, at *1–2 (Vt. May 10, 2024) (unpub. mem.). Petitioner was sentenced on August 8, 2023. The probation term was for a period of two years.[2] *State v. Rivard*, 2025 WL 1355839, at *1 (Vt. May 9, 2025) (unpub. mem.).

---

[1] The court informed the parties that it intended to take judicial notice of the records in the matter of *State v. Rivard*, No. 1370-11-19 Wmcr. Petitioner objected, in part, regarding the veracity of the allegations in the pending probation violation complaints. The *fact* of the complaints is relevant to this proceeding. The merits of those complaints are not. Given the nature of the relief requested – a mandamus petition regarding actions or inactions of the court – the record in the proceeding may properly be considered as part of the record in this proceeding. Cf. *In re Torres*, 2004 VT 66, ¶ 8 ("the PCR proceeding and the underlying criminal case, the case referred to in the statute, are parts of the same 'case' for purposes of the record"). The court takes notice of the record in the matter of *State v. Rivard*, No. 1370-11-19 Wmcr.
[2] The term has been extended by order of the Windham Criminal Division. October 2, 2025, Entry Order.

A first probation violation complaint was filed on August 9, 2023 – the day after Petitioner was sentenced. Petitioner was arraigned on the violation on August 15, 2023, and entered a denial. A second probation violation complaint was filed on November 2, 2023. Petitioner was arraigned on the violation on November 7, 2023, and entered a denial. On January 8, 2024, the court granted Petitioner's motion to represent himself at a revocation hearing scheduled for the following day. At the merits hearing the State dismissed the first complaint and Petitioner entered an admission to the second complaint. "The court found the violation and conducted a conference with [Petitioner] in order to reemphasize to [Petitioner] the necessity of compliance with conditions of probation." January 9, 2024, Entry Order. See also 28 V.S.A. § 304(b)(3).

A third probation violation complaint was filed on August 8, 2024 – one year after Petitioner was sentenced. Petitioner was arraigned on August 13, 2024, and entered a denial. Counsel was assigned to represent Petitioner. The court also issued an Entry Regarding Motion in the matter responding to a pro se filing by Petitioner. The court noted that

> To the extent that [Petitioner]'s pleading constitutes a motion seeking relief from the court, the motion is denied without prejudice. [Petitioner] is now represented by counsel, has not waived his right to counsel, and has not asked to represent himself. The court has not approved hybrid representation. All pleadings must be filed and signed by counsel. V.R.Cr.P. 49(d). *The court will not consider pleadings filed directly by [Petitioner] while represented by counsel.*

August 13, 2024, Entry Order (emphasis supplied).

A fourth probation violation complaint was filed on December 5, 2024. Petitioner was arraigned that same day and entered a denial. Counsel was assigned to represent Petitioner.

At a VOP Status Conference on January 27, 2025, scheduling of the merits hearing was discussed. On January 28, 2025, the merits hearing was set for April 28, 2025, and notice was sent to the parties. On March 6, 2025, counsel for Petitioner moved to withdraw and Petitioner moved to discharge counsel. The motions were set for a hearing that was held on May 19, 2025. The court ordered that new counsel be assigned in this matter.

Counsel from the Windham Public Defender's Officer was assigned on July 17, 2025.[3] The following day, counsel moved to withdraw. The motion was granted on July 31, 2025, and conflict counsel was assigned. On August 2, 2025, conflict counsel moved to withdraw. The motion was granted on August 7, 2025. The following day, new conflict counsel was assigned. On September 1, 2025, the new conflict counsel moved to withdraw. The motion was granted at a status conference held on September 9, 2025. On October 16, 2025, counsel was assigned to represent Petitioner.

A status conference was held on November 10, 2025. A further status conference is set for December 12, 2025.

      b. Other relevant orders

---

[3] Court records do not explain why this delay occurred.

As noted above, on August 13, 2024, the court issued an order noting that it would not accept pro se filings from Petitioner while represented by counsel in the matter. Petitioner filed waivers of counsel in this matter on December 7, 2024, June 9, 19 & 20, 2025, and July 11, 2025.

Regarding the June 9, 2025, waiver the court noted that

> [Petitioner] has filed a waiver of counsel. The right to self-representation is not unbounded. As the Windham Criminal Division noted in denying self-representation in the matter of *State v. Knutson*, No. 21-CR-07478 and 21-CR-07593,
>
>> the defendant has repeatedly shown that he will not comply with the court's most basic procedural rules that would enable him to represent himself. He is unable to listen to and take direction from the trial judge, and therefore has waived his right to represent himself. *State v. Burke*, 2012 VT 50, J 27, 192 Vt. 99. ... The court is also guided in this decision by the policy stated by the Vermont Supreme Court in *In re: G.G.*, 2017 VT 10, ¶ 15, 204 Vt. 148, citing to [*Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L. Ed. 2d 562 (1975)], and reminding the trial courts that:
>>
>>> [T]he Constitution permits judges to take realistic account of the particular defendant's mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so.
>>
>> In this instance, although the defendant has twice been found competent to assist his counsel and to participate in the trial process, he has not been found competent to represent himself. Only the court can make that decision. As the court stated at the hearing on March 6, 2023, the court concludes that the defendant's fixed mental state and beliefs are an insuperable obstacle to his being able to represent himself in these matters. The court therefore refuses to permit him to do so.
>
> *State v. Kristopher Knutson*, No. 21-CR-07478 and 21-CR-07593, at 5-6 (Vt. Super. Ct., Windh. Crim. Div. Mar. 28, 2023) (Hayes, Super. J.). [Petitioner]'s filings demonstrate to this court that he cannot properly represent himself in this probation violation proceeding. [Petitioner] lacks the ability to meaningfully appreciate the nature and scope of the specific criminal proceedings he is the subject of. [Petitioner] is and has been involved in multiple matters in the Windham Criminal Division. His pleadings veer across many of these matters - open and closed. Additionally, [Petitioner]'s pleading style and practices – for which he has been repeatedly warned by the court – are disrespectful, vexatious and wasteful of limited judicial resources.

June 15, 2025, Entry Regarding Motion at *1-*2.

Petitioner persisted in filing numerous pro se motions despite the clear directive of this court. Petitioner filed pro se motions to strike and expunge on June 14 and 15, 2025. The motions were denied in an order issued on July 9, 2025:[4]

> Despite multiple orders from this court declining to act on [Petitioner]'s pro se pleadings in this docket [Petitioner] persists in filing voluminous, repetitive and frequently incompressible pleadings. The court has declined to accept [Petitioner]'s waiver of counsel. The court will not act on [Petitioner]'s pleadings unless they are filed and signed by counsel. V.R.Cr.P. 49(d).

July 9, 2025, Entry Regarding Motion. Using identical language, in a separate order issued on July 9, 2025, the court denied three further motions filed pro se by Petitioner on June 19, 20 and 22, 2025.[5] Again using identical language, in an order issued on July 15, 2025, the court denied a further motion filed pro se by Petitioner on July 11, 2025. On July 31, 2025, Petitioner filed a further pro se motion. The motion was denied.

> [Petitioner] asserts that he is subject to a "filing restriction" under "Supreme Court Administrative Order 49" and seeks permission to file a pro se motion to vacate sentence in this matter.

> [Petitioner] is represented by counsel. This court has repeatedly admonished [Petitioner] for filing pro se pleadings in matters where he is represented by counsel. Indeed, this court has issued four such orders in this matter alone since June 25, 2025. Additionally, in another pending criminal matter this court has recently found that

>> [t]he record of [Petitioner]'s conduct in this matter and other matters pending in Vermont courts reflects a persistent unwillingness on [Petitioner]'s behalf to abide by court rules, court procedures and court orders. [Petitioner]'s actions unequivocally demonstrate that he is not able and willing to abide by rules of procedure and courtroom protocol. [Petitioner] has been warned in various orders that his conduct was improper and yet has continued to engage in such conduct. [Petitioner] has forfeited his right to self-representation in th[e] matter.

> *State v. Rivard*, No. 24-CR-12633, at *9 (Vt. Super. Ct., Windh. Crim. Div. July 17, 2025). [Petitioner]'s motion must be filed by and signed by [Petitioner]'s assigned counsel. V.R.Cr.P. 49(d). It was not.

August 4, 2025, Entry Regarding Motion.

II. The Petition and the pending motions

---

[4] The order was signed on June 22, 2025.
[5] The order was signed on June 26, 2025.

On July 25, 2025, Petitioner filed the pro se complaint in this matter in the Windham Civil Division. Petitioner sought a declaratory judgment and writ of mandamus. Particularly, Petitioner sought

> A writ of mandamus compelling Respondent to perform the non-discretionary duty of scheduling and holding Petitioner's probation-revocation hearing within a reasonable time (V.R.C.P. 75).

> A declaratory judgment that Respondent's failure to comply with V.R.Cr.P. 32.1(a)(2) is unlawful (12 V.S.A. § 4711).

Statement of Complaint at ¶ 1. Pending before the court are various motions filed by the parties including motions to dismiss and for summary judgment.

Respondents' motions include a motion "pursuant to V.R.C.P. 12(b)(1) … to dismiss this matter for lack of subject matter jurisdiction because the matter is duplicative of proceedings that are ongoing in the criminal division …." Motion at 1. Respondents noted that

> the litigation of the same issue in multiple jurisdictions is generally disfavored as a matter of law. Courts generally disfavor multiple litigation on the same issue because the prohibition of such litigation "protects both courts and parties from the burden of repetitive litigation, and decreases the chances of inconsistent adjudication." *Tudhope v. Riehle*, 167 Vt. 174, 178 (1997). The issue presented here is duplicative, is no longer live as an independent legal proceeding and the case should be dismissed because this court does not have subject matter jurisdiction over this issue.

*Id.* at 2-3.

Petitioner filed a timely response to the motion. Petitioner made four responsive arguments. First, Petitioner argued that "because the criminal division is not providing the relief sought — a prompt adjudicatory hearing — this civil action remains live and is not moot." Opposition at 1. Second, Defendant argues that V.R.C.P. 75 "expressly authorizes review 'where there is no adequate remedy at law' and permits mandamus-type relief to compel a public officer or tribunal to perform a clear legal duty. ….The criminal division has a clear, non-discretionary duty to afford a probationer a revocation hearing 'within a reasonable time.'" Opposition at 1-2. Third, Petitioner argues that "there is no risk of inconsistent adjudication because this civil action seeks only one thing the criminal division has refused to provide: a prompt merits hearing." *Id*. at 2. Petitioner notes that he seeks an order to "enforce the constitutional and statutory speedy-hearing mandate that the criminal division is violating through indefinite delay." *Id*. Finally, Petitioner asserts that "the criminal division's refusal or inability to enforce discovery deadlines is an additional basis for Rule 75 relief.

In support of the first argument Petitioner cited "*Paige v. State*, 2023 VT 66, ¶ 17 (a case is not moot where 'effective relief' is still possible and the challenged action is 'capable of repetition

yet evading review').” This specific citation does not exist.[6] In support of the second argument Petitioner cited “*State v. Benjamin*, 173 Vt. 275, 279–80 (2001).” The pin cite is to *State v. Garbutt*, 173 Vt. 277, 279 (2001) – a case that does not address probation revocation proceedings.[7]

The Vermont Supreme Court recently addressed spurious citations by Petitioner.

> The Vermont Reports citations provided by plaintiff correspond to entirely different opinions than those named. We were unable to identify any existing case that corresponds to the citations provided in plaintiff's brief.
>
> We remind plaintiff that by presenting a document to this Court, he is certifying that:
>
>> to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: ... (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.
>
> V.R.C.P. 11(b)(2); see V.R.A.P. 25(d)(2) (“By presenting a document to the Court—whether by signing, filing, submitting, or later advocating it—an attorney or self-represented party is making the certification provided by V.R.C.P. 11(b) as to that paper.”). Self-represented litigants “receive some leeway from the courts” but are nonetheless bound by the ordinary rules of procedure, “includ[ing] the obligations of Rule 11 and sanctions for noncompliance.” *Zorn v. Smith*, 2011 VT 10, ¶ 22, 189 Vt. 219.

*Jeffrey Rivard v. Windham State Att'y et al.*, 2025 WL 3498177, at *1–2 (Vt. Dec. 5, 2025) (unpub. mem.).

        III. Motions to dismiss for lack of subject matter jurisdiction

Respondents seek dismissal pursuant to V.R.C.P. 12(b)(1) for lack of subject matter jurisdiction in the Windham Civil Division. “A motion under Rule 12(b)(1) questions a court's authority to adjudicate a particular controversy before it.” *Boyer v. Bedrosian*, 57 A.3d 259, 270 (R.I. 2012).

> As a leading treatise explains, parties and courts do not use Rule 12(b)(1) exclusively to raise a *lack* of subject matter jurisdiction; they also use the motion to address “a variety of other defenses that one normally would not think of as

---

[6] Perhaps Petitioner intended to cite *Paige v. State*, 2017 VT 54, ¶ 7, or *Paige v. State*, 2013 VT 105, ¶ 8-10. Petitioner is a frequent and prolific litigator in the Vermont Supreme Court and in the Windham Unit of the Vermont Superior Court. He is inarguably aware of his obligation to correctly cite precedent.

[7] Perhaps Petitioner intended to cite *State v. Benjamin*, 2007 VT 52, where the court discussed delay in conducting probation revocation proceedings.

raising subject-matter jurisdiction questions." Those defenses generally involve whether a court should decline to exercise subject matter jurisdiction that the court otherwise would have, such as abstention doctrines and justiciability issues. "Thus, the scope of Rule 12(b)(1) is flexible, often serving as a procedural vehicle for raising various residual defenses" that "share the common theme of challenging the court's ability to proceed with the action."

*Gandhi-Kapoor v. Hone Cap. LLC*, 307 A.3d 328, 340–41 (Del. Ch. Ct.), *as corrected* (Dec. 4, 2023)[8] (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (3d ed. 2023)). This court may consider evidence outside the pleadings in resolving the motion to dismiss for lack of subject matter jurisdiction. *Off. of Auditor of Accts. v. Off. of Att'y Gen.*, 2025 VT 36, ¶ 8; *Conley v. Crisafulli*, 2010 VT 38, ¶ 3.[9]

IV. Rule 75 and Mandamus Relief

Petitioner seeks relief pursuant to Rule 75 in the nature of mandamus, "which is a command from a court requiring an official to perform a specific act." *Skiff v. S. Burlington Sch. Dist.*, 2018 VT 117, ¶ 10. "Relief 'in the nature of mandamus' *is* available through Rule 75 to 'prevent an abuse of executive discretion ... where no other remedy is available.'" *Off. of Auditor of Accts.* 2025 VT 36, ¶ 46 (quoting Reporter's Notes, V.R.C.P. 75) (emphasis supplied). Relief may also be provided "to reach extreme abuses of discretion" such as "where judicial power is usurped or the court clearly abuses its discretion…." *State v. Forte*, 159 Vt. 550, 556 (1993).

> Mandamus is an extraordinary remedy appropriate only when three conditions are met:
>> (1) when a party has a clear and certain right to the action sought by the request for [mandamus]; (2) [the request] is for the enforcement of ministerial duties, not those that involve the exercise of an official's judgment or discretion; and (3) there is no other adequate remedy at law.

*Maple Run Unified Sch. Dist. v. Vermont Hum. Rts. Comm'n*, 2023 VT 63, ¶ 11 (citing *Island Indus., LLC*, 2021 VT 49, ¶ 21). Regarding the third condition, the Court has held that "mandamus will not be refused because another remedy exists unless that remedy is clear and adequate." *Petition of Fairchild*, 159 Vt. 125, 132 (1992). See also *Moran v. Vermont State Ret.*

---

[8] *Aff'd sub nom. CSC Upshot Ventures I, L.P. v. Gandhi-Kapoor*, 326 A.3d 369 (Del. 2024)

[9] Some courts have drawn a distinction between factual and facial challenges under Rule 12(b)(1). In a facial challenge, the party asserts the allegations of the complaint are insufficient to establish the court's jurisdiction over the subject matter of the case. When a facial challenge is presented, the court will look only to the complaint to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. In a factual challenge, the party asserts there is no jurisdiction over the subject matter of the case notwithstanding the allegations of the complaint. When a factual challenge is presented, the court may consider and weigh evidence outside of the pleadings to answer the jurisdictional question.

*Bleich v. Bleich*, 981 N.W.2d 801, 806 (Neb. 2022). To the extent that such a distinction must be drawn, Respondents' motion is clearly a factual challenge to subject matter jurisdiction of this court.

*Bd.*, 2015 VT 119, ¶ 11 (finding Rule 75 relief was unavailable where a "statutory scheme provides a sound procedure for contesting cases that affords notice, hearing, and judicial appellate review").

## V.  Declaratory Judgment

Petitioner seeks a declaratory judgment that the failure to provide a prompt probation revocation hearing is "unlawful." Complaint at 1. Rule 57 implements the Declaratory Judgment Act and states that "the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." *Id*. As the Court has noted,

> "A declaratory judgment action is not necessarily barred by the existence of another remedy. However, where an alternate form of relief is available, the court, in the exercise of its discretion, may determine that the granting of declaratory relief is inappropriate." *Levinsky v. State*, 146 Vt. 316, 317 (1985). As plaintiff points out, the foreclosure proceeding is ongoing and has not yet resulted in a decision on the merits. The proper place to litigate the question of plaintiff's party status, and any cognizable foreclosure defenses, is in that case. If unsatisfied, plaintiff can appeal from that case. See *In re D.A. Assocs.*, 150 Vt. 18, 19 (1988) (explaining that "declaratory rulings are not appellate in nature, and cannot be resorted to as a substitute for, or in lieu of, proper appellate remedies").

*Bandler v. Bank of New York Mellon Tr.*, 2023 WL 8703828, at *2 (Vt. Dec. 15, 2023) (unpub. mem). See also *Wakefern Food Corp. v. Tyson Foods, Inc.*, 2025 WL 354423, at *6 (D.N.J. Jan. 31, 2025); *Butta v. GEICO Cas. Co.*, 400 F. Supp. 3d 225, 231 (E.D. Pa. 2019) ("our Court of Appeals urges courts to exercise their discretion to decline proceeding with declaratory judgments when they duplicate other claims").

## VI. Rule 32.1(a)(2) and the right to a revocation hearing within a reasonable time

Probation violation proceedings are governed generally by Rule 32.1 of the Vermont Rules of Criminal Procedure. The provision pertinent to Petitioner's claims states that the probation "revocation hearing … shall be held within a reasonable time in the court in which probation is imposed." V.R.Cr.P. 32.1(a)(2). This time limit is "constitutionally mandated but creates no arbitrary rule." V.R.Cr.P. 32.1 – Reporter's Notes. The Court comprehensively addressed the timeliness requirement in *State v. Benjamin*, 2007 VT 52. The court held that it would "assess the reasonableness of a delay in completing the final revocation hearing under the balancing test announced in *Barker v. Wingo*, [407 U.S. 514, 530 (1972)] …." *State v. Benjamin*, 2007 VT 52, ¶ 14. That test requires a balancing of four factors – "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* See also *State v. Labrecque*, 2023 VT 36, ¶ 17.

Vermont law, thus, provides a framework for courts to consider challenges to the timeliness of a probation revocation hearing.

## VII.    Petitioner has a remedy in the Criminal Division and *that* is where he must seek it

Petitioner asserts that he requires relief in this court because the Windham Criminal Division has refused to provide such relief.[10] Absent from the record in either court is any indication that Petitioner has competently demanded a speedy merits hearing in the Criminal Division *or* sought dismissal in that forum.

Petitioner has engaged in a relentless series of challenges to that proceeding – for example, there are 10 Vermont Supreme Court docket numbers related to the matter. These challenges have included repeatedly filing pro se motions despite clear direction from the court that such motions are not cognizable because he is represented by counsel. Petitioner now seeks to circumvent the ordinary, proper and orderly proceedings in the Criminal Division by seeking to invoke this court's authority under Rule 75 and the Declaratory Judgment Act. As the Court has stated,

> "In general, as between two tribunals with concurrent subject matter jurisdiction, the one which first acquires such jurisdiction should exercise it, and the second in point of time should defer to the first." *City of South Burlington v. Vermont Elec. Power Co.,* 133 Vt. 438, 443 (1975). There is an exception to this rule, however, where the second tribunal may offer relief not available in the first. *In re Pfenning,* 136 Vt. 92, 94 (1978).

*Sec'y, Agency of Nat. Res. v. Upper Valley Reg'l Landfill Corp.*, 167 Vt. 228, 239–40 (1997). This matter is akin to *Unnamed Prisoners of Temp. Waterbury Corr. Facility v. Maranville*, 154 Vt. 279, 279 (1990), where the petitioners sought writs of habeas corpus in the superior court seeking release from detention without bail. The Court held that in the absence of evidence suggesting that the existing bail statutes were unavailable for relief invocation of the ancient writ was premature. *Id.*, at 283. Here, Petitioner has a forum for relief – litigation in the pending probation violation proceeding.

The record before this court is clear. There is simply no evidence that Petitioner's counsel in the probation violation proceeding cannot seek (1) a speedy revocation hearing, or (2) move for dismissal pursuant to *Benjamin* and *Barker*.[11] Again, the appropriate forum to address such claims is the court in which the probation violation complaints are pending. This court should defer to that tribunal and, thus, lacks subject matter jurisdiction over the instant matter.

VIII.   Order

The motion to GRANTED.

This matter is DISMISSED.

---

[10] It is noteworthy that the named respondents in the case do not include the Windham Criminal Division. The court schedules probation hearings. Respondents do not.

[11] Any decision on what pre-hearing motions to file "are the exclusive province of the lawyer after consultation with his or her client." *Bledsoe v. State*, 150 P.3d 868, 879 (Kan. 2007). See also 7 Am. Jur. 2d Attorneys at Law § 157 ("Certain decisions are ultimately for counsel, such as … what trial motions should be made").

Electronically signed: 12/9/2025 3:58:09 PM pursuant to V.R.E.F. 9(d)

_____

John R. Treadwell
Superior Court Judge